Mr. Justice Lipscohb
delivei’ed tbe opinion of the court.
This case comes before us by a writ of error. The judgment was by default. The record does not show that a judgment nisi had been taken on the second day of the term, as is required by our practice. The final judgment is as follows, i. e.:
“In this case a judgment nisi was entered on a former day of this term, and the defendants failed to file their answer within the time prescribed by law, but made default. It is therefore considered by the court that the plaintiif have and recover of the defendants his debt, one hundred and ninety-eight dollars and eighty-three cents, and eighteen dollars and thirty cents interest, and all costs in and about his suit in this behalf expended, and execute upon,” etc.
The record not showing in the proper place that the judgment nisi had been claimed and entered, is assigned by the plaintiif in error as sufficient grounds for reversing the judgment. It is certainly entered in a very informal and exceptionable way, but then if it is substantially certain in showing the proper steps had been taken as prerequisites to the final judgment, it does not seem to us that it should be reversed for a mere irregularity. Suppose that the plaintiff’s counsel had in point of fact claimed at the call of the docket, or at any time five days before the final judgment, the judgment nisi, and obtained an order for entering it up in form, but that the clerk had omitted making the entry, would it not be competent for the court to have the misprision of the clerk corrected by a judgment mme pro tuno? It seems to us it could have been done. The entry of the judgment in the case ¡under consideration may be received, as intended by the court, to correct such omission. It therefore refers to the fact that it had been rendered at a former day of the term, showing that the •subject was brought to the attention of the court, and that fact so appearing the court proceeds to render final judgment. The interpretation of the judgment is not believed to be an unfair one, and, in this aspect, it seems that it ought to be affirmed. But as the entry is certainly irregular, and may have induced the plaintiff in error to believe that it could be reversed, we will not give'any damages on the affirmance.