## CITIZENS BANK OF MAMMOTH SPRING v. COMMERCIAL NATIONAL BANK OF CHICAGO, ILLINOIS.

### Opinion delivered May 17, 1915.

1. JUDGMENTS—NUNC PRO TUNC ORDER—NOTICE—WAIVER.—When the attorney and manager of a company were in court, at a time that a judgment against the company was corrected, made objection to such correction, and moved to set aside and vacate the judgment entered *nunc pro tunc*, it will be held that the notice required to be given of the proceedings to amend the record were waived.

2. JUDGMENT—CORRECTION OF RECORDS—NUNC PRO TUNC ORDER.—The court has authority at any subsequent term to correct its record by the entry *nunc pro tunc* of a judgment that was rendered at a former term.

3. JUDGMENTS—ORDER NUNC PRO TUNC.—The authority of the court to amend its record by a *nunc pro tunc* order, is to make it speak the truth, but not to make it speak what it did not speak, but ought to have spoken.

4. GARNISHMENTS—LIABILITY OF GARNISHEE.—Where a garnishee admits that it holds certain money belonging to the defendant, it should pay the money into court to be delivered to which ever party the court should decide was entitled to it, and if it pays the money to some one not entitled thereto, it will also be liable therefor to the party finally adjudged to be entitled to it.

5. JUDGMENTS—CORRECTION AND AMENDMENT.—Where a judgment expresses the entire judicial action taken at the time of its rendition, the court has no authority, after the expiration of the term, to enlarge or to diminish it in matter of substance or in any matter affecting the merits.

Appeal from Fulton Circuit Court; *J. W. Meeks,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This is the second appearance of this cause here, a statement of which appears in the former opinion wherein the complaint was held sufficient. *Citizens Bank* v. *Commercial National Bank,* 107 Ark. 142.

The Wood Grocery Company first brought suit in the justice court by attachment to subject certain funds in the hands of the Citizens Bank to the payment of its debt against L. Starks Company. The garnishee answered, admitting that it held the funds which it offered to pay into court.

The Commercial National Bank intervened, claiming to be the owner of the funds in the hands of the garnishee. Its intervention was denied by the justice and it appealed to the circuit court, the Citizens Bank becoming surety on its appeal bond. Upon the trial in the circuit court between the intervener and the Wood Grocery Company, the court rendered a judgment from which the Wood Grocery Company prayed and was granted an appeal.

The complaint herein alleges that the judgment was wrongfully and fraudulently entered against the Citizens Bank, which had already paid the funds in its hands to the Wood Grocery Company after the judgment was rendered against the intervener in the justice's court, when in fact judgment was rendered by the circuit court against the Wood Grocery Company and not the Citizens Bank.

A demurrer was sustained to this complaint on the first trial in the circuit court, from which an appeal was taken, and this court held, as already said, the complaint sufficient and reversed and remanded the case for further proceedings.

The Citizens Bank amended its complaint and alleged that it had in fact paid the garnished fund over to the Wood Grocery Company, after the intervention of appellee herein was dismissed in the justice court, upon the order of the justice and before an appeal was taken from the order of dismissal, and also alleged more specifically the entry of judgment against it by misprision of the clerk when no judgment had in fact been rendered by the circuit court against it, "That the court at that time rendered judgment against the Wood Grocery Company, a party to that action, and that by mistake or clerical misprision, said judgment was unlawfully and wrongfully entered of record against this plaintiff."

The Commercial National Bank admitted that it had procured the judgment against the garnishee and that same was entered upon the records of the circuit court, but denied that it was unauthorized or procured by fraud, clerical misprision or mistake or entered without authority.   It denied that the garnishee was without notice of the proceedings in the circuit court and alleged that it appealed from the judgment dismissing its interplea in the justice's court in open court on the day of the trial and that the garnishee bank became its surety on the appeal bond and had full knowledge of the pendency of the proceedings in the circuit court.   Denied also that the garnishee paid over the funds in its hands before the appeal was taken from the justice's court.

Both the attorneys representing the Wood Grocery Company in the first trial in the circuit court testified, the deposition of Sam Davidson, who had since died, being read and also A. P. Campbell, who was the manager of the Wood Grocery Company.   The attorneys of appellee bank and the circuit court judge also testified.

It appears from the testimony that the circuit court rendered judgment against the Wood Grocery Company, both the attorneys and the manager thereof stating positively that such was the fact and the judge's minutes showing, "Judgment for amount against Wood Grocery Company."

The testimony relating to the alleged payment of the money by the garnishee upon the order of the justice, to the Wood Grocery Company after the dismissal of appellee's interplea, shows that the appeal was prayed and granted on the day of the trial, in open court, and the affidavit and bond filed within an hour or two thereafter. The attorney for the Wood Grocery Company and the cashier of the garnishee bank testified that immediately after the judgment of dismissal was rendered that the bank paid the garnished funds to the Wood Grocery Company upon the order of the justice and took a receipt therefor some little time before the affidavit and bond for appeal were filed.

The testimony also shows that Campbell, the manager of the Wood Grocery Company, agreed to repay the fund to the Citizens Bank or hold it harmless if it should be compelled to pay the fund to the Commercial National Bank, upon the appeal to the circuit court.

The entries in the justice's docket show that the case was tried and the appeal granted on May 21, and the receipt for the garnished fund shows it to have been paid on the 25th. The cashier of the garnishee bank and the manager and also the attorney of the grocery company and the attorneys as well testified that it was paid on the same day of the trial and immediately after the dismissal of the interplea, the justice also saying that his docket entries were not always made up at the time of filing papers and the occurrence of the proceedings.

The court set aside the judgment against the garnishee, the Citizens Bank, and entered judgment *nunc pro tunc* against the Wood Grocery Company. It also found that while the intervener was endeavoring to perfect its appeal from the judgment of the justice of the peace, that the justice ordered the Citizens Bank to pay the money garnished in its hands to the Wood Grocery Company, "with the understanding that in case of an appeal, and it was declared that the Wood Grocery Company was not entitled to it and the Citizens Bank was required to pay the money to the Commercial National Bank, that the Wood Grocery Company would reimburse it for the said amount, and therefore judgment should be rendered against it, the Citizens Bank also," and rendered judgment accordingly; and from this judgment this appeal is prosecuted.

*David L. King,* for appellant.

1. This case has been here before (107 Ark. 142), and was reversed and remanded. On remand there was but one issue, whether or not the judgment *entered* of record should be vacated and set aside. This was all plaintiff asked. The Citizens Bank was relieved of liability. 107 Ark. 145.

2. The court had no authority to render the *nunc pro tunc* judgment. There never was a judgment against appellant and the entering of the same upon the record was either a fraud of misprision. But if the court really rendered judgment, and it was never entered of record, the court lost jurisdiction after the term lapsed, and could not, three years later, without notice, enter a *nunc pro tunc* judgment. 40 Ark. 224; 41 *Id.* 75; 51 *Id.* 34; 53 *Id.* 21. The purpose of a *nunc pro tunc* order is to make the record speak the truth and reflect the facts as they actually took place. 106 Ark. 470; 72 *Id.* 21; 92 *Id.* 299; 99 *Id.* 234.

3. Judgments without notice are void. Kirby's Dig., § 4424; 58 Ark. 181.

*C. E. Elmore* and *McCaleb & Reeder,* for appellees.

1. The appeal should be dismissed for failure to comply with the rules.

2. The *nunc pro tunc* judgment against the Wood Grocery Company was properly entered. The record of a judgment is only evidence of its existence, its enforcement does not depend upon its being entered of record. 59 Ark. 588; 57 *Id.* 185; 4 *Id.* 591; 40 *Id.* 224; 12 *Id.* 670; 35 *Id.* 278; 78 *Id.* 364; 103 *Id.* 484. If a judgment was in fact rendered, it can be entered of record afterward. A court can not set aside or modify a judgment after the term has lapsed. 78 Ark. 364.

3. The Citizens Bank has nothing to appeal on. It filed no motion for new trial and failed to allege error in the trial in any way. The only question raised is the jurisdiction of the court. No prejudice is shown. All parties were before the court and subject to its jurisdiction.

4. The judgment is right and correct. It is sustained by the pleadings and should stand. There is ample evidence to support it. The answer will be treated as amended to conform to the proof. 100 Ark. 537; 98 *Id.* 312; 97 *Id.* 576; 91 *Id.* 292; 88 *Id.* 363; 74 *Id.* 37.

5. The *nunc pro tunc* judgment was properly entered at a subsequent term of court. 35 Ark. 278; 33 *Id.*

218. Where there is an error in a judgment, clearly shown of record, the error may be corrected *at any time* by *nunc pro tunc* order. *Ib.*

KIRBY, J., (after stating the facts). Appellant contends that the court was without jurisdiction to render the judgments. It insists that the Wood Grocery Company had no notice of the proceeding and that the judgment *nunc pro tunc* against it is therefore void.

The attorneys who represented the Wood Grocery Company in the former litgation and A. P. Campbell, the manager of said company, now one of the owners of its successor, were both in court, both testified unequivocally that a judgment was in fact rendered against the Wood Grocery Company by the circuit court; that it prayed and was granted an appeal therefrom, which was not finally perfected, because a judgment was entered against the Citizens Bank. They and the cashier of the Citizens Bank all testified that the funds garnished were paid to the Wood Grocery Company after the intervention of the Commercial National Bank was dismissed in the justice court and before the affidavit and bond for appeal were filed by intervener, upon the understanding that the said grocery company would reimburse the Citizens Bank and hold it harmless on account of such payment if it was compelled to pay the fund to the Commercial National Bank upon appeal to the circuit court, and the Citizens Bank also became surety upon the Commercial National Bank's appeal bond. Said attorney of the Wood Grocery Company and A. P. Campbell, the old manager thereof and one of the owners of its successor, were both in court and the Wood Grocery Company appeared, after the judgment *nunc pro tunc* was entered, by the same attorney, and moved that the judgment be vacated and set aside for want of notice.

It will also be seen that its attorney was an attorney for the Citizens Bank, which alleged in its amended complaint the rendition of the judgment in fact against the Wood Grocery Company at the former term, which was entered by the court on this trial *nunc pro tunc*.

(1)   The correction of the record by the entry of a *nunc pro tunc* judgment after the expiration of the term at which the original judgment was rendered, should be made with caution and the purpose of requiring notice given to the person against whom the entry of the order *nunc pro tunc* is sought, is to give him an opportunity to be present and protect his rights.   It is true no formal notice had been served of this proceeding upon the Wood Grocery Company, but the manager of the said company and its attorney, were both in court testifying that the judgment against it was in fact rendered at the former trial and after their testimony was accepted and acted upon by the court and the judgment entered *nunc pro tunc* against it, said company appeared and moved to vacate the judgment for want of notice of the proceeding. Its motion contained no allegation that the judgment against it was not properly rendered and suggested no reason whatever against the entry of it *nunc pro tunc* except that it was not notified of the application therefor. Its appearance at the time this judgment was corrected, objection thereto, and motion to set aside and vacate the judgment entered *nunc pro tunc* was a waiver of the notice required of the proceedings to amend the record. *Simpson* v. *Talbot,* 72 Ark. 185.

(2)   The court has authority at any subsequent term to correct its record by the entry *nunc pro tunc* of a judgment that was rendered at a former term.   *Melton* v. *St. Louis, I. M. & S. Ry. Co.,* 99 Ark. 435; *Liddell* v. *Bodenheimer,* 78 Ark. 364; *Bobo* v. *State,* 40 Ark. 224; *St. Louis & N. Ark. Rd. Co.* v. *Bratton,* 93 Ark. 234; *Hershy* v. *Baer,* 45 Ark. 240.

(3)   The purpose of a *nunc pro tunc* order is to make the record reflect the transaction that actually occurred and as often announced by this court, "The authority of the court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lourance* v. *Lankford,* 106 Ark. 470.   The court did not err, therefore, in amending its record by the *nunc pro tunc*

entry of the judgment rendered at the former term against Wood Grocery Company.

It is likewise undisputed that the court not only rendered, but entered judgment against the Citizens Bank, which had no interest in the controversy except that of stake-holder, being in possession of the fund on the first trial.

All of the attorneys testified that the precedent or form of judgment against the Citizens Bank was prepared by the attorney of the Commercial National Bank, which recovered the judgment in the case, was submitted to and approved by the attorneys of the Wood Grocery Company and then examined and approved by the court and directed to be and was entered of record.

(4)    The Citizens Bank, garnishee, having answered in the justice court and admitted that it held the fund garnished was liable to the payment thereof upon the court's order and "if the garnishee desired to relieve itself of liability in the matter, it should have paid the money into court to be delivered to whichever party the court should decide was entitled to it." Not having done so, it can not in this suit, by alleging that it paid the money to the plaintiff in the attachment suit before the appeal of the interpleader was taken, relieve itself of liability. *Citizens Bank* v. *Commercial Bank,* 107 Ark. 142.

On the former appeal this court said that the garnishee bank was in the justice court and had notice that an appeal had been taken from the order dismissing the interplea of the Commercial National Bank, and signed its appeal bond, and it was properly in court, the appeal by the interpleader bringing up the case as against it. The only question upon the appeal was whether the money in the hands of the garnishee was the property of the claimant or the defendant, Wood Grocery Company, and the court there said, speaking of the Citizens Bank, which is also appellant here, "If appellant had desired to be relieved of its liability in the case, it should have paid the money into court before the appeal was taken."

It was there held that the money garnished in the hands of the Citizens Bank was the property and money of the Commercial National Bank to the amount of $255, and that the Commercial National Bank should have judgment against said Citizens Bank in that amount, its debt, this court saying that the judgment of the circuit court might have been based upon the finding that the money was then in the hands of the appellant, that the judgment might have been erroneous, depending upon the facts before the court, but, "If erroneous, it could have been set aside on appeal, but the validity of it can not be attacked except on account of fraud."

The court also said what the proper order should have been and how costs should have been adjudged, but that these were matters of error which could have been corrected on appeal.

If the garnishee in fact paid the fund garnished over to the Wood Grocery Company before the appellee herein took an appeal from the justice judgment denying its interplea claiming to be the owner of the fund, as the testimony taken in the last trial tends to show, it is a matter as already held, that should have been presented on the former trial in the circuit court, wherein the judgment was rendered against it in favor of the intervener, the appellee herein, which judgment is conclusive, not having been appealed from upon that question.

(5)   The circuit court should not have set aside the judgment against the Citizens Bank, garnishee, and rendered another judgment against it on the finding that it had paid the fund garnished to Wood Grocery Company upon the express agreement that it was to be reimbursed by said company in case it was required to pay same to the appellee. "The entry in the record should correspond with the judgment which was actually pronounced, and the court has the power, and it is its duty, even at a subsequent term, to make such changes in the entry, as to make it conform to the truth. But where the judgment expresses the entire judicial action taken at the time of its rendition, the court has no authority, after the expira-

tion of the term, to enlarge or to diminish it in matter of substance or in any matter affecting the merits. Under the guise of an amendment, there is no authority to revise a judgment, or to correct a judicial mistake, or to adjudicate a matter which might have been considered at the time of the trial, or to grant an additional relief which was not in the contemplation of the court at the time the judgment was rendered.'' *St. Louis & North Ark. Rd. Co.* v *Bratton,* 93 Ark. 234.

No prejudice resulted from such action, however, since the same result was accomplished as if a proper order had been made refusing to set aside the said judgment.

No prejudicial error is disclosed by the record and the judgment is affirmed.