SLOAN v. WILLIAMS.

Opinion delivered May 24, 1915.

1. JUDGMENTS—NUNC PRO TUNC ORDER.—A court has authority at any subsequent term to correct its record by the entry *nunc pro tunc* of the judgment that was rendered at a former term.

2. JUDGMENTS—NUNC PRO TUNC ORDER—PURPOSE.—The purpose of a *nunc pro tunc* order is to make the record reflect the transaction that actually occurred.

3. JUDGMENTS—NUNC PRO TUNC ORDER—PAROL TESTIMONY.—Parol testimony alone, if of satisfactory character and sufficient weight, will warrant the *nunc pro tunc* entry of a judgment.

4. JUDGMENTS—NUNC PRO TUNC ORDER—SUFFICIENCY OF EVIDENCE.— Where it was sought to have a judgment corrected by an order *nunc pro tunc*, the finding of the chancellor that the evidence was not sufficient to warrant the entry of the order, held correct.

Appeal from Mississippi Circuit Court, Osceola District; *D. F. Taylor,* Special Judge; affirmed.

*A. F. Barham* and *Baker & Sloan,* for appellant.

1.  Parol evidence alone, if of satisfactory character, is recognized in this State as sufficient to warrant a *nunc pro tunc* entry of a judgment. 40 Ark. 224; 78 Ark. 364, 115 Am. St. Rep. 42; 75 Ark. 12. As to degree or character of proof required, see above cases, also 84 Ark. 100, 106, and cases cited.

2.  The function of the *nunc pro tunc* entry or amendment after the lapse of the term, is not to correct some error of law made by the court in rendering the judgment or order, but to cause the record of such judgment or order to speak the truth, to show what was the *actual* judgment or order rendered by the court. 93 Ark. 234; 23 Cyc. 864; 17 Am. & Eng. Enc. of L. (2 ed.) 818.

In addition to the power inherent in the courts, to amend their records so as to speak the truth, we have statutory provision therefor. Kirby's Dig., § 4431.

3.  The evidence shows that at the first trial an order of dismissal was made as to Sloan.

*J. T. Coston,* for appellee.

1. The evidence is conflicting as to whether or not the case was dismissed as to Sloan, and the court's finding thereon is, therefore, conclusive.

Moreover, no reason has been shown why the case should have been dismissed as to him. The mere fact that he did not have "any notification that the note was not paid when it was due," if true, did not release him. Kirby's Dig., § § 7921, 7922; 48 Ark. 254; 35 Ark. 463.

2. Even if no evidence had been offered on the part of appellee, the court had the right to disregard the testimony of all the witnesses for Sloan for the reason that all of them, except one whose testimony was not material, were interested and contradicted each other.

In a *nunc pro tunc* proceeding the court has a right to rely on his own recollection and to disregard any testimony in conflict therewith. 54 Ark. 215; 100 S. W. 765; 109 S. W. 1015; 128 S. W. 857, 858; 125 S. W. 1033; 82 Ark. 86; 86 Ark. 27; 95 Ark. 144; 93 Ark. 548.

3. A bare announcement by counsel for appellee that he would dismiss as to Sloan, not followed by an order or judgment of the court dismissing the action as to him, would not be sufficient to discharge him from the case; and, if such announcement was made, when Sloan permitted the case to go to the jury without objection on his part, and allowed instruction to be given them submitting his defense, he waived any rights acquired by reason of the announcement of counsel for appellee. 106 S. W. 1174.

KIRBY, J. This appeal comes from a judgment denying appellant's motion to correct the record by a *nunc pro tunc* order of a judgment of dismissal, claimed to have been rendered in his favor in 1913, instead of a judgment against him as entered.

Appellee herein appealed from said former judgment, the record of which was attempted to be corrected by the petition for a *nunc pro tunc* order, to this court, and judgment was rendered here in his favor, reversing

the cause and remanding it for a new trial. *Williams* v. *Uzzell,* 108 Ark. 241.

Upon the trial anew the court directed a verdict in his favor and judgment was entered against Eula Sloan Uzzell and Homer F. Sloan. Upon the issuance of execution against appellant, he filed this motion to correct the former record by an order *nunc pro tunc,* alleging that the suit had been dismissed as against him on the first trial by a judgment rendered and that the clerk had by misprision wrongfully omitted same from the record.

Appellee filed a response and denied that the cause was dismissed as to Homer F. Sloan; that any judgment of dismissal was rendered in his favor and not entered through error or misprision of the clerk; alleged that a verdict was rendered in favor of the defendants, Eula S. Uzzell and also Homer F. Sloan, and that upon appeal to the Supreme Court it was reversed, and denied that upon the new trial Homer F. Sloan was not a party to the suit.

Several witnesses testified that the attorney for appellee dismissed the suit as to Homer F. Sloan upon the trial at January term of court, 1913, of the case of Williams v. Eula Sloan Uzzell and Homer F. Sloan, not alleging as to when or why it was done, some of them testifying it was dismissed after the jury had been selected; others after the testimony had been heard, and still others, after the instructions were given to the jury by the court and during the argument. They state, appellant's attorney turned to the court and said, "We dismiss as to Homer F. Sloan," and appellant testified that he paid no further attention to the suit and did not know that a judgment had been rendered against him upon the new trial thereof, after it was remanded by the Supreme Court, until the sheriff came to levy an execution upon his property.

The transcript of the record of the first case was introduced in evidence and also a copy of appellee's brief filed on the former appeal. The brief shows the style of the case "Percy H. Williams, Appellant, v. Eula S. Uzzell

and Homer F. Sloan, Appellees,'' and was signed by these parties and not by counsel. It was argued therein that there was no issue except as to the balance due upon the note and stated that ''the court instructed the jury to regard the testimony of Mr. Uzzell only, insofar as it pertained to the interest of Homer F. Sloan in this action,'' etc., and ''The appellee, Homer F. Sloan, had the right to the benefit of his testimony,'' etc.

When the verdict was directed upon the new trial, the precedent for the judgment was prepared by appellee's attorney and bears the endorsement of appellant's attorneys, ''O. K.—A. F. Barham,'' immediately under the clause, entering judgment against both Eula S. Uzzell and Homer F. Sloan. Mr. Barham admitted this was his signature, but stated he had no recollection of the matter at all and doubtless signed it without reading it, not thinking judgment would be attempted to be entered against any one but Eula S. Uzzell, against whom only judgment was rendered.

(1) ''The court has authority at any subsequent term to correct its record by the entry *nunc pro tunc* of a judgment that was rendered at a former term.'' *Melton v. St. Louis, I. M. & S. Ry. Co.* 99 Ark. 435; *Citizens Bank v. Commercial National Bank,* 118 Ark. 497.

(2) The purpose of a *nunc pro tunc* order, however, is to make the record reflect the transaction that actually occurred; the authority of the court to amend its record by the *nunc pro tunc* order extending only to make it speak the truth, but not to make it speak what it did not speak, but ought to have spoken. *Lourance v. Lankford,* 106 Ark. 470; *Citizens Bank v. Commercial National Bank,* 118 Ark. 497.

''But where the judgment expresses the entire judicial action taken at the time of its rendition, the court has no authority after the expiration of the term, to enlarge or to diminish it in matter of substance or in any matter affecting the merits. Under the guise of an amendment there is no authority to revise a judgment, or to correct a judicial mistake or to adjudicate a matter which might

have been considered at the time of the trial, or to grant an additional relief which was not in the contemplation of the court at the time the judgment was rendered. *St. Louis & N. Ark. Rd. Co.* v. *Bratton,* 93 Ark. 234.''

(3) Parol testimony alone, if of satisfactory character and sufficient weight, will warrant the *nunc pro tunc* entry of a judgment. *Bobo* v. *State,* 40 Ark. 224; *Liddell* v. *Bodenheimer,* 78 Ark. 364; *Murphy* v. *Citizens Bank,* 84 Ark. 100.

(4) In the case last cited the court said: ''We are aware that proof to change and correct a record should be clear, decisive and unequivocal to the effect that the written memorial does not reflect the facts.''

It cannot be said that the testimony herein is not sufficient to support the court's finding and its action denying the motion to enter a judgment of dismissal *nunc pro tunc* is affirmed.