**HANNON et al. v. HENSON.**
(No. 1037—5230.)

Commission of Appeals of Texas, Section B.
March 27, 1929.

Sid Crumpton, of Texarkana, for plaintiffs in error.

Elmer L. Lincoln, of Texarkana, for defendant in error.

SHORT, P. J. The controversy in this case has arisen from an application made by defendant in error, as guardian of the estate of two minors, filed in the probate court, to have a probate order, appearing on the judge's docket, entered on the minutes nunc pro tunc. This application was denied by the probate court, but, upon appeal to the district court of Bowie county, it was granted. The losing parties having appealed to the Court of Civil Appeals at Texarkana, upon an original hearing, an opinion was written denying the relief sought. This opinion was afterwards modified, if not, in fact, vacated by the court, which finally rendered an opinion granting the application without prejudice, however, to the rights of the appellants in that court, the plaintiffs in error here, to vacate the judgment in a suit brought for that purpose. We refer to the findings of fact, made by the Court of Civil Appeals, in the interest of brevity. 7 S.W.(2d) 613.

The assignments of error filed in the Supreme Court challenge the correctness of the opinion rendered by the Court of Civil Appeals in several particulars, but they really involve only two propositions. One of these is that, under the probate laws in force at the time the order was made, the probate court, after adjournment of the term, at which the order was entered, did not have the power to enter a nunc pro tunc order, for the reason that the statute prohibited making such an order, it appearing that a memorandum order was made upon the judge's docket only. The other proposition is that, at the time this memorandum entry was made on the judge's docket, the probate court of Bowie county had not acquired jurisdiction of the parties by reason of the alleged fact that no notice, such as the law required, had been given in the guardianship proceedings.

It appears from the findings of fact that on October 2, 1922, D. L. Henson, on his own application and without citation, was appointed temporary guardian of the estate of two minor children, both at the time under 14 years of age. This order was duly entered in the probate minutes. D. L. Henson qualified as guardian, gave the required bond, and had made and rendered an inventory and appraisement of the estate. The oath and bond were duly recorded in the probate minutes. On January 17, 1923, during the next succeeding term of the court, the notation mentioned was made by the probate judge on his probate docket. This notation is in these words: "January 17, 1923, temporary guardianship made permanent and O. M. Frier, W. W. Durham and R. T. Howell appointed appraisers. Bond fixed in double amount of appraised value of personal property." This order was not entered in the probate minutes. D. L. Henson, after the making of this notation, qualified as permanent guardian of the estate of the minors, and took charge of the estate, and administered it as such guardian until the July term of the court, 1926, when he was removed, and the defendant in error was appointed and qualified as permanent guardian. On April 18, 1927, the defendant in error filed in the probate court of Bowie county the application, above mentioned, alleging that the order of January 17, 1923, was entered on the judge's probate docket, but that "there is no order appearing in the probate minutes showing that said guardianship was made permanent." He prayed that such order be entered nunc pro tunc "upon the probate minutes at said time of January 17, 1923, as the order of the probate court, making said guardianship permanent." The plaintiffs in error, in response to citation served upon them, filed an answer to the application, alleging, among other things, the absence of any record showing that the probate judge did make such an order as would authorize the minutes to

show that the guardianship was made permanent. They also alleged that the court was without jurisdiction to enter such character of order, "because there is no notice or citation recorded in the minutes of the court, as required by the statute, showing that service had been completed."

Articles 3211, 3212, 3218, 3219, of the Revised Statutes of 1911, in force at the time the order was made, bear upon the proposition first mentioned.

Article 3211:

"There shall be kept by the clerk of the county court a record book to be styled, 'Judge's probate docket,' in which shall be entered:

"1. The name of each deceased person upon whose estate proceedings are had or sought to be had.

"2. The name of the executor or administrator of such estate, or of the applicant for letters, as the case may be.

"3. The date of the filing of the original application for the probate of a will, or for letters testamentary or of administration.

"4. A minute of all orders, judgments, decrees and proceedings had in the estate, with the date thereof.

"5. Each estate shall be numbered upon such docket in the order in which the proceedings therein have been commenced, and each paper filed in an estate shall be numbered with the docket number of such estate."

Article 3212:

"Said clerk shall also keep a record book to be styled, 'Probate Minutes,' in which he shall enter in full all the orders, judgments, decrees and proceedings of the court, and in which shall be recorded all papers of estates required by law to be recorded."

Article 3218:

"All decisions, orders, decrees and judgments of the county court in probate matters shall be rendered in open court, and at a regular term of such court for civil and probate business, unless in cases where it is otherwise specially provided."

Article 3219:

"All such decisions, orders, decrees and judgments shall be entered on the records of the court, during the term at which the same are rendered; and any such decision, order, decree or judgment shall be a nullity unless entered of record."

Articles 4050, 4051, 4053, and 4083, of R. S. 1911, are necessary to be considered.

Article 4050:

"All decisions, orders and judgments of the court in matters of guardianship shall be rendered and entered on the minutes of the court at a regular term thereof, and in open court, except in cases where it is otherwise specially provided."

Article 4051:

"The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title."

Article 4053:

"It shall be the duty of the county judge, at each regular term of his court, to call each case of guardianship upon his docket, and to make such orders therein as may be necessary, and to see that such orders, together with all papers required to be recorded, are entered upon the minutes, and to hold guardians and the officers of his court to a strict accountability for the performance of their duties with reference to guardianships."

Article 4083:

"The order of the court appointing a guardian shall be entered upon the minutes of the court, and shall specify," etc.

By article 3211, provision is made for the "judge's probate docket," which, by the expressed wording of the article, is made a record book. The judge's probate docket, for which article 3211 provides, is likewise a docket and record book to be used in cases of guardianship by virtue of the provisions of articles 4051 and 4053. The judge's probate docket is thus made a record in both guardianships and in "Estates of Decedents," and orders are required to be entered upon it, so that we have identically the same situation for which article 3219 provides, which is to the effect that any decision, order, decree, or judgment, which is not entered upon the records of the court during the term at which the same is rendered, shall be a nullity. Article 4051 has the legal effect to embrace in the law of guardianships not only article 3219, but all other "provisions, rules and regularities which govern 'Estates of Decedents,'" applicable and not inconsistent with any of the provisions relating to the subject of "Guardian and Ward." In other words, articles 3211, 3212, and 3219 should be considered as though they appeared under title 64, "Guardian and Ward," these articles not being inconsistent with any article embraced under title 64. Thus we have the law as to guardianship, as follows: (1) That both a probate minute book and a judge's probate docket must be kept; (2) that both are records of the court; (3) that orders should be entered upon both the docket and the minutes; (4) that orders shall be a nullity unless entered of record.

It is apparent that it is only when an order is not entered of record that it is void. However, the uncontradicted evidence in this case is that the order was entered on the judge's probate docket, and this docket being made a record of the court, by the statute, article 3219, which denounces only orders not of record, can have no application. There is nothing in title 64 which says that an order is not of record where it is entered on the probate docket. It is true that orders should also be recorded upon the minutes, and the law of

"Guardianships" and of "Estates of Decedents" directs the clerk to record them upon the minutes. Yet, there is no provision of the law, as applicable to the facts of this case, which makes orders entered of record, nullities, unless they are recorded in the minutes of the court and during the term when they were made. The policy of the law is to have a record of what the court orders and decrees, and, if there is no record, that policy is violated, and the denunciation of article 3219 operates, making the unrecorded orders void.

The Dallas Court of Civil Appeals in West v. Keeton, 17 Tex. Civ. App. 139, 42 S. W. 1034, in construing the language of article 3219, Revised Statutes of 1911, where a sale of land by the guardian was attacked, on the ground that the order of confirmation was only written upon the probate docket by the judge and not carried into the minutes, held that the entry upon the docket was a sufficient recording of the order. This case did not reach the Supreme Court, but we think the reasoning upon this point is sound, and that the conclusion reached is correct. The Galveston Court of Civil Appeals in Teague v. Swasey, 46 Tex. Civ. App. 151, 102 S. W. 458, cites with approval West v. Keeton, supra, in discussing a similar question. While this case reached the Supreme Court, it was dismissed for want of jurisdiction. It inferentially holds that an entry on the docket of a court is a record of the court, but that an order of sale, as well as a confirmation, must have been entered either upon the minutes, or the docket, as a condition precedent to the validity of a guardian's sale. In De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16, the Supreme Court, in discussing what was then article 1853, being article 3219, Revised Statutes 1911, as well as what was then article 3213, speaking through Judge Gaines, said: "Now by referring back to Article 1853, it will be seen that all orders must be 'entered on the records' of the court, and since the claim docket is expressly made a record book of the court, it would seem that when the approval of a claim is so entered the requirement of that article is strictly complied with. Indeed the thought suggests itself that the words 'records of the court' were employed to prevent a misapprehension which might otherwise arise, that the entry of the approval or disapproval of a claim upon the claim docket might not be sufficient. If, instead of the words 'records of the court,' the language had been 'minutes of the court,' the question would have been one of more difficulty. It is noteworthy that when a claim has been presented and entered on the claim docket together with its approval as required by Article 1847, all the information in reference thereto is made of record as fully as if the order of approval had been spread upon the minutes in the form of an ordinary judgment."

In Bowles v. Bell, 270 S. W. 1013, the Commission of Appeals cited, with approval, De Cordova v. Rogers, supra, and said: "Article 3213 of our Statutes requires the clerk of the county court to keep what is styled a 'Claim docket,' which is one of the probate records, and it has been definitely decided that an entry of a claim and its approval on this docket meets all the requirements of the law as to recording of orders, and there is no necessity for spreading the order of approval upon the minutes of the court. De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16."

In Wagley v. Wagley, 230 S. W. 493, the Beaumont Court of Civil Appeals held that a judgment in an insanity case entered only on the probate docket had "the full force and effect of a formal judgment entered of record," citing and approving West v. Keeton, supra. The Wagley Case, however, never reached the Supreme Court. While there is some language in Krawietz v. Kneiski (Tex. Civ. App.) 236 S. W. 805, which may be regarded as dicta to the contrary, yet the court in that case, in discussing a similar question said: "It is true, as contended by appellants, that it is provided in Article 3219 that all orders, etc., of the probate court 'shall be entered on the records of the court,' and that, unless so entered, such orders, etc., 'shall be a nullity.' But it is expressly provided in Article 3211 that the judge's probate docket is a 'record book,' and an entry in that docket of the order allowing a claim is such an entry of record as contemplated in the provisions of Article 3219 nullifying an order not entered of record. West v. Keeton, 17 Tex. Civ. App. 139, 42 S. W. 1034; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16."

██ Section 16, article 5, of the Constitution invests the county court with original jurisdiction in probate matters. This court has the power to dispose of probate business in term time or in vacation, as provided by law, and its judgments in such matters are those of a court of general jurisdiction. The same conclusive presumption must be indulged in favor of its judgments in probate matters as are indulged in favor of the judgments of the district court, relating to matters within its jurisdiction. Mere irregularities or failures in matters of procedure will not invalidate such judgments. The temporary guardian of the estate of a minor is required by the law to take an oath, give a bond, and return an inventory and appraisement. There is no provision of the law requiring the temporary guardian, when he becomes a permanent one, to take a new oath, to give a new bond, and return a new inventory. In this case there is no attack upon the regularity of the proceedings by which the first guardian was invested with the legal authority to act in that fidu-

ciary capacity. Moreover, the record discloses that these proceedings were duly entered of record. They consisted of the application to be appointed temporary guardian, the order of the court making the appointment, fixing the amount of the bond, and naming the appraisers, the giving of the bond, its approval by the court, and the taking of the statutory oath by the guardian. These proceedings are followed by proof that the first guardian continued to act in that capacity for four years, among other things, collecting two insurance policies and selling the interest of the minors in certain lands. These proceedings become important in determining the scope and meaning of the language used by the judge in making the entry of his order upon the docket of his court, in the case duly designated and numbered as the law requires. When we construe this language, used by the judge in making the order, in the light of what the record shows, there can be no doubt that it is sufficient to constitute a valid order, appointing the temporary guardian to the position of permanent guardian. The mere failure of the clerk to carry into the minutes of the court this order, thus made, could injure no one, and could deprive no one of any information, or fail to invest the permanent guardian with any necessary evidence of his authority to act, provided, of course, the probate court of Bowie county, at the time the judge of that court made the order, had jurisdiction, by virtue of the fact that the notice, which the law required to be issued and served, had, in fact, been so issued and served. Articles 4091–4096, Revised Statutes 1911. These articles of the statute were construed in an opinion by the Austin Court of Civil Appeals delivered by Judge Key in Gann v. Kern, 249 S. W. 878, in which a writ of error was denied by the Supreme Court. The question involved in the case last cited is very similar to one of the questions raised by the answer of plaintiffs in error, wherein they allege that they are interested parties in that they are the sureties on the bond of the defaulting guardian, given, as the law required, as a prerequisite to his authority to sell the real estate belonging to the minors, since it appears from the record that the present guardian has instituted a suit against those sureties, based upon the alleged fact that the principal in the bond had failed to account for the proceeds of the sale of the real estate.

■■ In the absence of a statute forbidding the exercise of it, a court has a continuing power over its records, and an unquestioned authority to make them speak the truth. Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; Cowan v. Ross, 28 Tex. 230; Rhodes v. State, 29 Tex. 190; Ximenes v. Ximenes, 43 Tex. 466; Whittaker v. Gee, 63 Tex. 436; 34 Corpus Juris, par. 213. Where a judgment has been actually rendered, order made, or decree signed, of which there is legal evidence, but the same has not been properly entered on any record, in consequence of some accident, or the neglect of the clerk of the court, the court has power to order that the judgment, order, or decree may be entered nunc pro tunc, the fact of its rendition being satisfactorily established, and no right of others having intervened, provided, of course, the court had jurisdiction of the subject-matter and of the parties and the cause was otherwise ripe for judgment. Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Whittaker v. Gee, supra; Ward v. Ringo, 2 Tex. 420, 47 Am. Dec. 654.

■■ Judgment nunc pro tunc presupposes one actually rendered at the proper time, but not entered upon some proper record. In a case like this one, in view of the provisions of the statute quoted, there can be no entry of a judgment nunc pro tunc, unless there is evidence furnished by the record of sufficient meaning that a judgment was actually rendered by the court, though not entered upon its minutes by the clerk. The office of a nunc pro tunc entry is to record some act of the court done at a former term which was not then carried into its minutes. Sloan v. Williams, 118 Ark. 593, 177 S. W. 427; Citizens' Bank v. Commercial National Bank, 118 Ark. 497, 177 S. W. 21. The only legitimate function of a nunc pro tunc entry is to evidence correctly upon the records of the court a judgment, decree, or order actually made by it, but which, for some reason, had not been entered upon some record permitted by the law to be entered thereon in proper time; the necessity to do so being to protect some right that has arisen since the judgment was rendered. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Texas & N. O. R. Co. v. Turner (Tex. Civ. App.) 193 S. W. 1087; 34 Corpus Juris, pars. 204 and 205.

The second proposition upon which some of the assignments are based is presented upon the theory that the answer filed by plaintiffs in error to the application of the defendant in error, to have entered the nunc pro tunc order, heretofore discussed, is a direct attack made upon the judgment which was, in fact, rendered by the probate court of Bowie county. As has been stated, this proceeding was begun by the defendant in error, having only for its purpose the entry of a nunc pro tunc order made in the guardianship proceeding. At the time this order was made, the court making it necessarily found, as a fact, prerequisite to the validity of its action, that all parties interested in the subject-matter had been duly cited as the law in such cases provides, and that the court had jurisdiction over all such parties for all purposes within the scope of the law, applicable to the matters involved. This is clearly shown not only by the order itself, making

permanent the temporary guardianship, but by many other orders of the court affecting the official acts of the guardian in the administration of the affairs of the estate of his wards. Had the court not found that all persons interested in the estate had been duly cited when he made the order appointing the guardian a permanent one, it necessarily follows that every other order made in the guardianship would have been a nullity.

■ All presumptions must be indulged in favor of the authority of the court to act at the time it did act, under the facts presented and under the circumstances shown. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Weems v. Masterson, 80 Tex. 52, 15 S. W. 590.

■■ One of the necessary elements in an action, having for its purpose to set aside a judgment of a court of competent jurisdiction, is that all necessary parties shall be before the court in order to make valid any judgment rendered in such a proceeding. It incidentally appears that the purpose of the application to enter the nunc pro tunc order, made by the defendant in error, is to enable him, as guardian of the estate of his wards, to successfully prosecute a suit against the bondsmen of a former guardian, wherein the bond given by the plaintiffs in error, as sureties, was a prerequisite to the valid sale of some land belonging to the minor's estate, which was afterwards sold by the former guardian, and must have been purchased by some one. This purchaser is not a party to this proceeding, and yet evidently he is interested in the result, and, being interested, would be a necessary party in a suit to set aside the order quoted above. The fact that the plaintiffs in error are also interested parties does not render any the less material the fact that other persons are, or might be, interested in the result. Moreover, the affirmative actor of this proceeding is the defendant in error. The fact that the defendant in error unnecessarily introduced incompetent testimony, under the mistaken idea that it was necessary to do so, in order to support his contention, cannot help the position of the plaintiffs in error, who merely have resisted in a negative way the application of the defendant in error, and, in doing so, have attempted to use, in support of their position, incompetent testimony offered by the defendants in error.

■ The probate court of Bowie county, having jurisdiction over the subject-matter, and having entered the order it did, is presumed to have determined that the citation, which the law required to be issued and served as a prerequisite to his assuming the authority to make the order, had in fact been issued and served. As stated in Black on Judgments, vol. 1, § 252: "After an appeal is taken from a judgment or writ of error or after a motion is made to vacate or set aside, on account of some alleged irregularity, the attack is obviously direct; the sole object of the proceeding being to deny and disapprove the apparent validity of the judgment. If the action or proceeding, as an independent purpose, contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral and falls within the rule."

■ To sustain the second proposition, upon which plaintiffs in error rely, it is necessary to hold, as a matter of law, that the entry upon the judge's docket, heretofore quoted, shows upon its face to be a void order. But, under the authorities quoted, it is apparently a valid one. The order was made by a court of general jurisdiction, and the mere absence of a recitation of jurisdictional facts in the order does not render it void, though, in fact, it may have been invalid at the time. The law, in the absence of proof, presumes that all jurisdictional facts existed at the time the order was made.

■ One of the tests, in determining whether an attack upon a judgment is direct or collateral, is whether all the parties to be affected by the result of the suit are before the court. In a direct attack, all persons who might be in any way affected by the result of the suit must be before the court. To constitute a cross-action in the nature of a bill of review, whose specific purpose is to set aside or correct a judgment, the answer of the plaintiffs in error to the application to enter upon the minutes a nunc pro tunc order, is legally insufficient, both in substance and parties required of such a pleading. The answer is merely a plea in bar of the asserted right of the applicant to have the order entered. In a direct attack on a judgment, all persons whose interest is such that they would be directly and materially affected by the judgment are necessary parties. It is apparent from the record that the purchaser of the interest of the minor's real estate sold by the guardian was not made a party to this suit, and that he has an interest in the result of it. Dallas County Bois D'Arc Island Levy District v. Glenn (Tex. Com. App.) 288 S. W. 165; Crawford v. McDonald, supra; Smith v. Perkins, 81 Tex. 152, 16 S. W. 805, 26 Am. St. Rep. 794. The testimony quoted in the opinion of the Court of Civil Appeals, upon which the plaintiffs in error rely to support their proposition, may or may not be legally sufficient to sustain a judgment upon a direct attack made upon the order entered upon the probate docket.

■ The Supreme Court has not the authority to pass upon this question of fact as presented. We merely hold that in this proceeding the attack is a collateral one, and that the testimony introduced is incompetent to successfully assail the apparent validity of the order in question. Williams v. Haynes,

77 Tex. 283, 13 S. W. 1029, 19 Am. St. Rep. 752.

■ Where the record is silent as to facts concerning jurisdiction, it is conclusively presumed that all the facts not appearing of record were found by the court in favor of its jurisdiction. Bouldin v. Miller, 87 Tex. 359, 28 S. W. 940; Templeton v. Ferguson, supra; Martin v. Robinson, 67 Tex. 379, 3 S. W. 550; Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150; Crawford v. McDonald, supra.

Such being the situation, we are of the opinion that neither proposition, above mentioned, can be sustained, and recommend that the judgment of the Court of Civil Appeals rendered on the motion for rehearing be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.