

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

May 25, 1976

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-826

Re: Whether court records pertaining to certain types of cases affecting the parent-child relationship are confidential.

Dear Mr. Resweber:

You have requested our opinion regarding the confidentiality of court records pertaining to certain types of cases affecting the parent-child relationship. Specifically, you inquire about the district clerk's responsibility for maintaining the confidentiality of such records in paternity and voluntary legitimation proceedings and in suits in which termination of the parent-child relationship is sought.

Section 11.17(b) of the Family Code, as amended in 1975 by the 64th Legislature, requires the district clerk, upon entry of a decree of adoption, to forward the complete file to the Department of Public Welfare, which is then directed to "close the records concerning that child." Section 11.17(d) declares the confidentiality of "the records concerning a child maintained by the district clerk after entry of a decree of adoption." By contrast, the statute imposes no absolute requirement of confidentiality on the records maintained by a district clerk in termination proceedings. Section 11.17(f), however, provides:

> The court, on the motion of a party or on the court's own motion, may order the sealing of the file, the minutes of the court, or both, in a proceeding in which adoption or termination was

sought. This subsection does not relieve the clerk from the duty to transmit files or petitions and decrees of adoption to the department as required by Subsection (b) of this section.

Thus, as to termination proceedings, the court may require the confidentiality of records in the possession of the clerk, including the minutes of the court on which the relevant decrees and orders are entered. Accordingly, it is our opinion that the records maintained by a district clerk pertaining to a suit seeking the termination of the parent-child relationship are not required to be maintained as confidential unless the court, on the motion of a party or on its own motion, orders the file in such case to be sealed.

Suits for the determination of paternity and for voluntary legitimation (Sec. 13.01, et seq.) are suits affecting the parent-child relationship. Attorney General Opinion H-353 (1974). The Family Code, however, does not require the district clerk to maintain the confidentiality of records in such proceedings. Although "all the records required to be maintained" by the Department of Public Welfare are declared to be confidential, including, presumably, records pertaining to paternity and voluntary legitimation actions, no such broad duty of maintaining confidentiality is imposed upon the district clerk. Sec. 11.17(d). We therefore conclude that the court records maintained by a district clerk pertaining to paternity and voluntary legitimation proceedings are not required to be maintained as confidential by statute.

We note that the Open Records Act by its express terms does not apply to the judiciary, and the provisions of that Act are not applicable to the records in question. V.T.C.S. art. 6252-17a, § 2(1)(G). In Open Records Decision No. 25 (1974), we said:

Since the Open Records Act by its express terms does not apply to the judiciary, that branch of government is in the same position in regard to information held by it as it always has been. The Open Records Act neither authorizes information held by the judiciary to be withheld nor requires it to be disclosed.

In the absence of statute, inspection of judicial records is controlled by the common law.  The common law right of inspection of public records is not an absolute, but a qualified right.  Palacios v. Corbett, 172 S.W. 777, 781 (Tex. Civ. App.  -- San Antonio 1915, writ ref'd).  While records of judicial proceedings are generally open to public inspection, a court in its discretion may impound its files in a case and deny public inspection when justice so requires. 76 C.J.S., Records § 36, p. 140; Annot. 175 A.L.R. 1260 (1948). See C.v.C. 320 A2d 717, 723-24 (Del. 1974); Sanford v. Boston Herald-Traveler Corporation, 61 N.E.2d 5, 6 (Mass. 1945); 20 Am.Jur.2d, Courts §§ 61, 62.  Courts have continuing jurisdiction and control over their own records.  Coleman v. Zapp, 151 S.W. 1040, 1041 (Tex. Sup. 1912); Hickey v. Behrens, 12 S.W. 679, 681 (Tex. Sup. 1889); Hannon v. Henson, 7 S.W.2d 613, 619 (Tex. Civ. App. -- Texarkana 1928), aff'd 15 S.W.2d 579 (Tex. Comm'n App. 1929, jdgmt adopted).

Thus, while there is no statutory requirement that records in cases of paternity or legitimation be maintained as confidential, and while there is no express statutory authorization for a court to order such a record sealed or held in confidence either on its own motion or that of a party, we believe that the court has inherent power to control public access to its own records.  The clerk of the district court should look to the court for guidance in the matter.

### S U M M A R Y

The records maintained by a district clerk pertaining to a suit seeking the termination of the parent-child relationship are not confidential unless the court orders the file in such case to be sealed.  Court records maintained by a district clerk regarding paternity and voluntary legiti-

mation proceedings are not required by statute to be maintained as confidential, but the court has discretion to control public access to its records when justice so requires.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb