47   327
77   603

H. CALLOWAY ET AL. V. GEO. W. NICHOLS ET AL.

1. GUARDIAN—SALE.—A sale was made by a guardian, of the land of his ward, in 1867; in 1873, pending a controversy involving its title, the purchaser moved the court to have entered, *nunc pro tunc*, on the minutes of the court, the judgment, which appeared, from the entries on the docket of the county judge, and from parol evidence offered, to have been rendered, confirming the sale : *Held*, That there was no error in overruling the motion.

2. SAME—EVIDENCE.—In 1867, land was regularly sold, for a fair price, by a guardian, in obedience to an order of the Probate Court; the report of sale was duly returned, examined, and in fact confirmed by the court, which ordered the guardian to make a deed to the purchaser, which facts were evidenced by entries on the judge's docket, and by parol testimony, and the purchase-money was paid. In a suit between the heirs and the purchaser, involving title to the land, the jury was instructed to find for the heirs, unless it was shown by the record that the sale by the guardian was confirmed by the court in an order entered of record : *Held*—

    1. Though the guardian sold the land by virtue of a mere statutory power, and the ward would not be bound by his action, unless the sale was made in conformity with the statute, whether it was so made or not, depends on the action of the court upon the report of the sale, and not upon the evidence by which that action is to be shown.

    2. If the destruction of the record evidence, or the omissions or misprision of the clerk is fatal to a title from an administrator or a guardian, no one would be safe in purchasing property sold by them. Such a rule would be injurious to the interests of estates, and would greatly diminish the price such property would bring when sold under an order of court.

APPEAL from Tarrant. Tried below before the Hon. Hardin Hart.

This is an action of trespass to try title to 160 acres of land in Tarrant county.

G. W. Nichols *et al.*, who were plaintiffs in the court below, claimed as the children and heirs at law of Cyrene Cockrell, the patentee.

H. Calloway *et al.*, who were defendants below, claimed as vendees of Nichols *et al.*, when minors, at a guardian's sale of their property, for a full consideration paid the guardian.

The order for confirmation of sale seems to have been entered upon "the docket" kept by the judge and his predecessors, but never entered by the clerk upon the minutes.

Before trial, at the March Term, 1873, appellants moved the court to enter the order of confirmation, *nunc pro tunc*, which was overruled. They further pleaded, specially, the fact of confirmation, but the evidence in support of it was rejected. These rulings were assigned for error.

The following was the only instruction given to the jury, viz:

"This is a suit brought by the heirs to recover property, alleged to have been sold by the guardian. It is admitted that the property was in the plaintiff, but the defendant contends that he purchased it at guardian's sale. This is a good defense, provided he shows, by competent testimony, an order directing the guardian to make such sale, and also a report of said sale made to the proper court, and also that the County Court entered up an order confirming said sale. If you are satisfied he has done this, you will find for the defendant; otherwise, you will find for the plaintiff."

Defendant introduced in evidence a book, indorsed on its title-page, "Probate docket, Tarrant county, August 25, 1862," and on back, "Probate docket," and proved by the clerk that he found said book in the clerk's office when he took possession thereof, in 1870. Defendant then offered to read in evidence the following entry in said book, viz., "June, 1867, Term. Ordered by the court, that the report of the sale of 160 acres of land, sold by S. Elliot, guardian, be affirmed, and title made as the law directs." He also offered to prove, by the party who was county judge in 1867, that he made the

entry in his official capacity, and that the sale of the land was in fact approved and confirmed at a regular term of court.

Verdict and judgment for G. W. Nichols *et al.*, from which the defendant appealed.

*Good & Bower*, for appellants.

1st. Appellants are *bona fide* purchasers, and appellees are the beneficiaries of the consideration paid.

2d. He who seeks equity must do equity, and in no event could the appellees recover, without a tender of the purchase-money and interest paid by the appellants.

3d. The probate judge confirmed the sale. The motion was not to amend a judgment, but to enter, *nunc pro tunc,* this order of confirmation, and should have been granted. That the district judge had this authority, cannot be questioned. (Freem. on Judgm., secs. 56, 69.)

4th. The objections of appellees to the motion, and to the evidence offered in support of appellants' special pleas, were, to say the most of them, but errors and irregularities, which could not vitiate the sale, or even be inquired into in this case. (George *v.* Watson, 19 Tex., 369; Howard *v.* Bennett, 13 Tex., 315; 6 Tex., 557; 27 Tex., 73, 553; 4 Tex., 431; 28 Tex., 638; 3 Ohio St. Rep., 494.)

*Smith & Jarvis*, for appellees.—Under the law for sale of lands, belonging to the estates of minors, by guardians, at the date of the order of sale of the land in question in this case by the Probate Court, to wit, at the March Term, A. D. 1867, sales were required to be made on a credit of twelve months, but the Probate Court, in making the pretended order of sale in this case, ordered the same to be made for one half cash in hand, and the remainder on a credit of six months; nor does said decree disclose the names of the heirs for whose benefit said sale was ordered. (Paschal's Dig., arts. 3908, 3909.) 2d. The guardian's report of sale does not show a compliance with the law, in taking note and security and a

mortgage on the land sold, as required by law. (Paschal's Dig., arts. 1322, 3909.)   3d. There was no order by the Probate Court of Tarrant county, approving the sale of the guardian. Until an order was made and entered on the records of the court, approving the sale, had a sale been legally made, a deed executed by the guardian was a nullity, and passed no title to the purchaser; and the purchaser paying the purchase-money did so in his own wrong, and with full notice of a defective title.

Every bidder at administrator's or guardian's sale is charged with notice that his bid is subject to the authority of the judge to affirm or not, and that the contract is not complete until there is a confirmation of the sale and a decree of confirmation duly entered on the minutes of the court. (See Wells v. Mills, 22 Tex., 305.)

MOORE, ASSOCIATE JUSTICE.—The court did not err in overruling appellants' motion in the court below to enter, *nunc pro tunc,* the judgment, which seems to be clearly and satisfactorily shown to have been rendered by the Probate Court, confirming the sale of the land in controversy, which had been made by the administrator, in obedience to the order of said court.   And, although it is also beyond dispute that the deed of the administrator to the purchaser cannot be regarded as a complete and perfect legal title unless it was made by the administrator in obedience to an order of court, properly entered upon its records, confirming the sale, and ordering its execution, yet, we think it quite obvious that the facts alleged in the appellants' answer, and upon which we cannot say the jury would not, but for the charge given by the court, have found for the defendants, were not fully sufficient to establish an equitable title, upon which they would be justly entitled to a judgment against the plaintiff, though he may have the legal title.

The land was duly and regularly sold by the guardian, in obedience to an order of the Probate Court.   The report of

sale was duly returned, examined, and confirmed by the court, and the guardian was ordered to make a deed to the purchaser, as clearly appears by the entry upon the judge's docket, and by positive and uncontradicted parol testimony to the same effect. It also appears that the land was sold for its fair value, and that the entire purchase-money had been paid to the guardian.

The court, in effect, charged the jury that they should find for the plaintiffs, irrespective of all other considerations, unless it was shown by the record that the sale by the guardian had been confirmed by the court, thus holding, as it appears, that nothing less than a strictly legal title would be of any avail as a defense against the plaintiffs. In this, we think, there was manifest error, for which the judgment must be reversed. It is true, a guardian sells his ward's property by virtue of a mere statutory power; and unless he acts in obedience to and in conformity with the power thus conferred, his ward will not be bound by his action. But, in this case, the answer alleges, and there was evidence tending to prove, a strict compliance with all the requirements of the statute regulating such sales, in so far, at least, as concerns the point upon which the case was made to turn by the charge. The authority of the guardian to make the deed, and the validity of the purchaser's title, depends upon the action of the court upon the report of the sale, and not upon the evidence by which its action is to be shown. Evidently, if the destruction of the record evidence, or the omissions and misprision of the clerk, is fatal to titles from an administrator or a guardian, no one would feel safe in purchasing property sold by them. The effect of such a rule as that laid down by the court in its charge, would be most deleterious to the interest of estates, and would very greatly diminish the price such property would bring when offered for sale under an order of court. For the error in the charge of the court, the judgment is reversed.

REVERSED AND REMANDED.