## J. S. Teague et ux. v. C. J. Swasey et al.

Decided April 19, 1907.

**1—Guardian's Deed as Evidence.**

A guardian's deed duly executed and in proper form is prima facie proof that the guardian's sale was regular, but it does not furnish presumptive evidence of the existence of all the prerequisites necessary to authorize a valid sale.

**2.—Evidence of Probate Orders.**

An unsigned form of a decree found among the papers of a guardianship in the Probate Court, purporting to have been rendered by the Probate Court, but never entered on the minutes of said court, would not be evidence that such a decree was rendered by the court.

**3.—Guardianship—Report of Sale—Record.**

The provision of the statute requiring a report of a sale by a guardian to be recorded is directory, and an unrecorded report filed among the papers of the case is admissible in evidence as one of a series of acts necessary to the validity of the sale.

**4.—Probate Orders—Record—Statute Construed.**

By the provisions of the Revised Statutes all probate orders and decrees must be entered upon the records of the court at the term at which they are made, and unless so recorded they are nullities.

**5.—Probate Sales—Necessity for Order—Evidence.**

It is statutory that an order of sale by the court is necessary to the validity of a sale of land by an administrator or guardian, and such order can only be proven by the record entry.

**6.—Same.**

To constitute a valid sale of land by a guardian it must be shown, among other things, that there was an application for the sale and an order of sale duly made and entered of record.

**7.—Warrantors—Liability.**

The liability of warrantors of title is not adjudicated when the judgment in trespass to try title is for their vendee.

Appeal from the District Court of Jefferson county. Tried below before Hon. W. H. Pope.

*Q. U. Watson* and *N. A. Rector,* for plaintiffs in error.—To warrant a sale of the ward's real estate by her guardian, the County Court where said guardianship is pending, must order a sale of said real estate by a judgment rendered in open court, and which said judgment must be duly recorded in the minutes of the court. Rev. Stats., arts. 1852, 1853, 2557, 2558.

All reports of sale of real estate in guardianship matters are required to be recorded in the minutes of the court, and a certified

copy of an unrecorded report of sale, appearing among the papers of the guardianship is inadmissible as evidence that a report of sale was made to the court. Rev. Stats., arts. 2556, 2557, 2558, 2560, 2675, 1846, 1851, 1853.

A guardian has no authority, even under and by order of the Probate Court, to make a contract with an attorney to recover his ward's real property in which the attorney is to receive for his services any part of the ward's land. Glassgow v. McKinnon, 79 Texas, 117.

*H. B. Betty* and *E. E. Easterling,* for defendants in error.— The court did not err in admitting in evidence the order of sale made by the County Court of Liberty county, Texas, in the guardianship of Sallie P. Cook, a minor, pending in said court, because the statement of facts does not show the same to be a certified copy, but shows the same as purporting to be the order of the County Court of Liberty county, and the said order of sale being attacked collaterally, it is immaterial as to whether the same was recorded in the minutes of the court or not. Arnold v. Hodge, 49 S. W. Rep., 714.

The court did not err in admitting in evidence a certified copy of report of sale of the land in controversy, because article 2556 of the Revised Statutes, directing to be recorded reports of sale after the same have been approved by the court, is directory, and failure to record same for good cause shown would not render void such unrecorded report of sale when attacked collaterally. Rev. Stats., art. 2667.

The court did not err in admitting in evidence certified copy of order confirming the sale. Said order confirming the sale was a filed paper in said estate papers, and good cause being shown why said order of confirmation was not recorded, the fact that under such circumstances it was not recorded would not render void such unrecorded order confirming sale of the land in controversy when attacked collaterally. Bouldin v. Miller, 87 Texas, 359; Robertson v. Johnson, 57 Texas, 62; Martin v. Robinson, 67 Texas, 368.

The court did not err in admitting in evidence certified copy of order confirming report of sale, as the same contained on its face a good description. If it could be said that the description contained in the order is not sufficient, then it could be aided by other portions of the probate record.

Defendants in error having introduced in evidence usual guardian's deed passing the title from the ward to S. M. Johnson, said deed was prima facie evidence that all proceedings in the Probate Court were regular, and the burden then shifted to plaintiffs in error to show that said proceedings were void, the judgment of the court below being against plaintiffs in error, in the absence of assignment of error raising the question of the insufficiency of the evidence to support the judgment, the Appellate Court will not disturb the judgment of the lower court. Revised Statutes, article 2678; Ackerman v. Huff, 71 Texas, 317; Degener v. O'Leary, 85 Texas, 171.

GILL, CHIEF JUSTICE.—Sallie P. Teague, joined by her husband, J. S. Teague, brought this suit against C. J. Swasey to recover 640 acres of land. The form of the action was trespass to try title. The defendant Swasey disclaimed except as to 273 acres specifically described, as to which he pleaded not guilty. He also vouched in W. L. Douglass and S. M. Johnson as warrantors. As the nature of their answers does not affect the disposition of the cause we do not set them out. A trial to the court without a jury resulted in a judgment that plaintiffs take nothing and pay the costs. The cause is here upon writ of error taken out by them.

The facts are as follows: Sallie P. Teague, whose maiden name was Cook, inherited from her father the 640 acres of land sued for. She was a minor in 1899, and the guardianship of her estate was pending in the County Court of Liberty county with E. B. Picket as guardian. The guardian, believing the title of the minor to the 640 acre tract to be defective, procured an order from the probate judge authorizing the employment of W. L. Douglass to recover the land and perfect the title. Thereupon the guardian employed Douglass for a fixed fee and the latter proceeded to perfect the title. Later 273 acres of the land was sold at private sale to S. M. Johnson for the purpose of paying the Douglass fee, the price being $1 per acre. The defendant through mesne conveyances claims under the guardian's deed to Johnson.

This is a collateral attack, and the plaintiffs predicate their right to recover on the theory that the guardian's sale to Johnson was void: First, because no application for the sale was shown. Second, no order of sale was shown. Third, because neither application, order of sale, nor confirmation of sale is shown to have been entered upon the probate minutes, and fourth, because the description in the orders is void for uncertainty. The determination of these questions depends upon the disposition of other points made by plaintiffs and duly presented here.

The plaintiffs showed title in the minor, whereupon it devolved upon Swasey to show that the title had passed thence to another. In discharge of this burden he introduced the guardian's deed duly executed and in proper form. This, under the statute, was *prima facie* proof that the *sale* was regular. But it did not furnish presumptive evidence of the existence of all the prerequisites necessary to authorize a valid sale. Terrell v. Martin, 64 Texas, 121. It thus became necessary for him to disclose the authority of the guardian. This he undertook by introducing, over the objection of plaintiffs, certified copies of papers as follows:

1. A decree on file among the papers of the guardianship purporting in substance to have been rendered by the probate judge on the application of the guardian to employ Douglass to perfect the title to the land, and for an order to sell half of it to pay the said attorney and the necessary expenses of clearing the title. The decree proceeds to grant the application in terms and to order both the employment of Douglass and to sell and make deed to half the land for the purpose named. The guardian was empowered to sell either at public or private sale. The paper so introduced

in evidence was merely an unsigned form of decree on file among the papers of the cause. It affirmatively appears that no such decree nor any decree authorizing the sale was entered on the minutes of the court, and the only docket entry made in connection therewith was as follows:

"It is ordered by the court that E. B. Picket, guardian, be and is hereby authorized and ordered to employ W. L. Douglass, an attorney of Beaumont, Jefferson County, Texas, to recover by suit or otherwise six hundred and forty acres of land, part of the Josiah Dyches headright survey, said land lying in Jefferson County, Texas, and to make such terms with said Douglass regarding his legal services rendered or that may be rendered therein as he, the said Picket, may deem necessary for the recovery of said land and for the best interests of the estate."

The objection urged against the admission of the copy of the decree must be sustained. It does not purport to be a copy of a decree entered in the minutes or upon the docket, but only of an unsigned paper on file among the papers of the cause. The copy should have been excluded. . No other direct evidence was offered either of a decree or application to sell, and it will be noted that the docket entry copied above makes no reference to an application to sell land or to an application for an order to employ Douglass.

The defendant also adduced in evidence over plaintiff's objection a certified copy of a report of the sale of the land made by the guardian to the court. The original report was on file among the papers of the guardianship and, as shown by a docket entry, was duly heard by the court, the sale approved and deed ordered to be made. The objections to this paper were that it was not preceded by application and order to sell duly entered in the minutes of the court, and that the order of which the paper was a copy was not entered in the minutes. The report of sale was not a nullity for failure to be placed of record. As to such papers the statute is directory. It was admissible as one of a series of acts necessary to the validity of the sale.

The plaintiff also objected to the introduction of the copy of the order confirming the sale. This paper is not the docket entry to that effect heretofore mentioned, but seems to be a form of decree drawn up and filed to be recorded in the minutes. This is according to the testimony of Picket, the county clerk. But by the certificate appended to the document it appears that the clerk certifies that the copy is "as appears from the records of my office." We hold that if it should appear that the paper is merely a copy of an unrecorded form of a decree it should be excluded. If it is in fact a copy of an order appearing on the minutes or the docket of the court it is admissible. West v. Keeton, 17 Texas Civ. App., 142.

The plaintiff also objected to the introduction of the docket entry of the order confirming the sale, on the ground that it did not contain a sufficient description of the land. The validity of this objection depends on whether the report of sale, in response to which it was made, contained a sufficient description, for unquestionably the other

part of the proceedings referred to in an order can be looked to in aid of the description. The order itself does not purport to contain a full description. It is as follows, omitting the caption: "Report of sale of 273 acres of the Josiah Dyches survey in Jefferson County, Texas, to S. M. Johnson, is this day confirmed and deed ordered made in compliance with the terms of said report." The report of sale was properly admitted in evidence, as we have held above, and contains a full and minute description.

We have thus far passed upon such questions as were necessary to be specifically determined in view of another trial and have deferred a discussion of the articles of the statutes which broadly control the entire case.

From the statement of the case *supra* it will be observed that no application for an order to sell the land was shown, nor was any docket entry shown which directly referred to the existence of such an instrument. Neither the docket entries nor any of the documents upon which defendant relies appear to have been copied in the probate minutes at that or any subsequent term of the court. No order to sell was shown in any way, except by the introduction of the unsigned document which we have held was erroneously admitted. By this record then the defendant has justified his deed alone upon the ground of the two docket entries, the first ordering him to employ Douglass, the other confirming the sale, and the report of sale, a copy of which was properly admitted.

Taking up then the propositions of plaintiffs as set out in the first part of this opinion, we find there is an absolute statutory requirement that all orders and decrees in probate or guardianship proceedings must be entered upon the records at the term of the court at which they are made, and that unless so recorded they are nullities. Revised Statutes, arts. 2557, 2558, 1846, 1852, 1853.

Prior to 1879 the courts were liberal in hearing evidence of the action of Probate Courts, and it is doubtless true that under the decisions rendered under the statutes then in force the sale in question would have been upheld against collateral attack. Moody v. Butler, 63 Texas, 210; Simmons v. Blanchard, 46 Texas, 266; Calloway v. Nicols, 47 Texas, 327; West v. Keeton, 17 Texas Civ. App., 142.

The cited articles were enacted with those decisions in view, the language of the Acts is unmistakable and absolute in its terms, and nothing is left for construction.

If we follow the rule laid down in West v. Keeton, *supra,* to the effect that a docket entry is a *record* entry and therefore a compliance with the statute, the record is still lacking in elements essential to the validity of this judgment, for there is not even a docket entry ordering the sale. It is statutory that an order of sale is necessary to the validity of an administrator's sale. Rev. Stats., art. 2113; Collins v. Ball, 82 Texas, 262; Ball v. Collins, 5 S. W. Rep., 622. And the rule applies to sales by guardians of the lands of their wards.

We are, however, not so much concerned with this question as with the method of proving it, for if it were permissible to show the

order otherwise than by a docket entry or a decree of record in the minutes it might be fairly held that the circumstances adduced in evidence establish the fact that the court duly heard an application and duly ordered the sale. But under the statutes cited *supra* an order of sale not entered in some book recognized as a record is a nullity by the express terms of the Act. It is the duty of the purchaser to see that there was an application and order of sale duly entered. McNally v. Haynes, 59 Texas, 583.

From this record there is lacking of those elements which would constitute a valid sale, the application and the order of sale, and unless it be shown that there was an application duly made and an order duly made and entered of record, the sale can not stand.

Appellees contend that exhibit Y attached to the depositions of the county clerk recites an order of sale, report of sale and confirmation as duly entered in the minutes. The order mentioned as entered in the minutes referred to a different tract of land. We therefore can not sustain the propositions of appellees predicated upon that exhibit and its certificate.

We do not deem it necessary in view of what we have said to notice in detail the other propositions advanced by appellees in support of the judgment. None of them suffice to prevent a reversal.

For the errors indicated the judgment is reversed and the cause remanded.

The proposition of the warrantors that the judgment should be affirmed as to them can not be allowed. The question of their liability on their warranty was not and could not have been adjudicated with a judgment in favor of Swasey.

*Reversed and remanded.*

Application for writ of error dismissed.