## GULF PRODUCTION CO. v. OLDHAM et al.
### (No. 2502.)

(Court of Civil Appeals of Texas. Amarillo. June 3, 1925.)

**1. Mines and minerals ⬳58—False representations in obtaining agreement correcting oil and gas leases executed by plaintiffs held not shown.**

Plaintiffs *held* not to have established that correction agreement, whereby certain changes were made in oil and gas leases executed by them, was obtained by false and fraudulent representations.

**2. Trial ⬳396(2)—Finding that oil and gas lease unenforceable for want of consideration held erroneous as being without pleadings on which to base it.**

Where plaintiffs' plea of want of consideration was leveled solely at the correction agreement, and not at an oil and gas lease executed by them, finding that such oil and gas lease was unenforceable for want of consideration was erroneous, as being without pleading on which to base it.

**3. Guardian and ward ⬳44—Lease executed by guardian of minors on minors' land invalid when without authority of probate court.**

Failure to produce evidence of authority from probate court of county in which guardianship was pending for guardian of minors to execute an oil and gas lease on minors' land, as required by Vernon's Ann. Civ. St. Supp. 1922, arts. 4152a, and 4152b, invalidates such lease.

**4. Guardian and ward ⬳44—Recital in mineral lease executed by guardian of minors held not to supply proof of required authorization by probate court.**

Recital in oil and gas lease that it was executed by guardian of minors does not give it any life on presumption of legality of official acts, and will not supply proof of authorization thereof by probate court, as required by Vernon's Ann. Civ. St. Supp. 1922, arts. 4152a, 4152b.

**5. Guardian and ward ⬳44—Lease executed by guardian of minors not canceled until defendant who claims title thereunder has had his day in court.**

Where *introduction in evidence* of oil and gas lease on minors' lands, executed by their guardian, which defendant treated as their muniment of title, was not objected to because of failure to show proper authority from probate court under Vernon's Ann. Civ. St. Supp. 1922, arts. 4152a, 4152b, decree in favor of minors, canceling such lease, will not be affirmed, as defendant has not had its day in court.

Appeal from District Court, Clay County; Paul Donald, Judge.

Suit by J. B. Oldham and others against the Gulf Production Company and the Republic Production Company to cancel an oil and gas lease. Judgment for plaintiffs against first-named defendant, and that plaintiffs take nothing against second-named defendant, and first-named defendant appeals. Reversed and remanded.

D. Edward Greer, of Houston, and John G. Gregg and R. E. L. Batts, both of Fort Worth, for appellant.

Weldon & McDonald, of Wichita Falls, and Ocie Speer, of Fort Worth, for appellees.

RANDOLPH, J. This suit was filed originally on May 23, 1923, by J. B. Oldham, as plaintiff, against the Gulf Production Company and the Republic Production Company, as defendants, to cancel an oil and gas lease. By their first amended original petition filed on January 9, 1924, J. B. Oldham was joined as plaintiff by J. W. Rowland individually and as guardian of Jack W. Rowland, Catherine Rowland, and Adrian E. Rowland, minors, against the same defendants. On trial in the district court in Clay county before the court without the intervention of a jury judgment was rendered for plaintiffs against the Gulf Production Company, and that plaintiffs take nothing against the Republic Production Company, and from such judgment the Gulf Production Company has appealed to this court.

J. B. Oldham owned a life estate in the land in controversy, and J. W. Rowland and the above-named minors owned the estate in remainder.

On the 24th day of April, 1922, J. W. Rowland, as guardian for above-named minors, leased to L. C. Heydrick the lands in controversy for a consideration of $1,700 cash in hand paid, and also, among other considerations, this lease stipulated:

"If operations for the drilling of a well are not commenced on said land on or before the 24th day of April, 1923, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender the lessor the sum of $200, in the manner hereinafter provided, which payment or tender shall operate as a rental for twelve months from and after the last above-stated date, and the same shall cover the rights and privileges in the lessee to defer the commencing of said well drilling a certain period of months. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively during the entire five year term of this lease. Lessor expressly declares that the down payment or bonus received by him for this lease at the time of the execution thereof is a good, valid, and substantial consideration, and sufficient in all respects to support each and every covenant contained herein, including specifically the option granted the lessee from time to time during the five year term thereof upon the payment or tender of the rentals hereinbefore provided for. * * *"

On the 18th day of March, 1922, J. W. Rowland and wife, Lucy Rowland, and J. B.

Oldham and wife, Nora Oldham, executed to said Heydrick a lease to the same land, which lease contained a like provision as to the payment of $200 annual rental as quoted above from the guardian's lease.

On the 17th day of August, 1922, Heydrick assigned a part of the land leased to the Gulf Production Company, and on the 15th day of December, 1922, he assigned the balance to the Republic Production Company.

Subsequent to the assignment of the leases by Heydrick to the two companies, the Gulf Production Company prepared and sent to Heydrick for execution by plaintiffs an instrument which we will hereinafter designate the "correction agreement," which is in words as follows:

"The State of Texas, County of Montague.

"Know all men by these presents that by instrument dated the 18th day of March, 1922, J. W. Rowland and wife, Lucy Rowland, and J. B. Oldham and wife, Nora Oldham, as lessors, made, executed, and delivered unto L. C. Heydrick, as lessee, a mineral lease covering said lessor's life estate in and to the lands hereinafter described; and by instrument dated April 24, 1922, J. W. Rowland, as guardian of Katherine Rowland, Jack W. Rowland, and Adrian E. Rowland, minors, acting under orders of the probate court as lessor, made, executed, and delivered unto the said L. C. Heydrick, as lessee, a mineral lease covering the said minors' interest in the estate in remainder, vested in said minors under the terms of that certain deed from J. T. Rowland and wife, to J. W. Rowland, dated July 16, 1907, and recorded in volume 61 at page 368 of the Montague County Deed Records; said leases referred to covering the north one hundred (100) acres of the south three hundred (300) acres of a certain 428½ acre tract in the John Chambliss survey and the west one hundred (100) acres of a certain 245 acre tract in the Elijah Votaw survey in Montague county, Texas, and which leases are duly recorded in the Deed Records of Montague county, Texas, to which reference is here made for all purposes; and

"Whereas, the lease dated March 18, 1922, first above referred to, inadvertently provides for the payment to lessors of an annual rental or delay payment of two hundred ($200.00) dollars, payable on the 18th day of March of each year during the stated term of said lease;

"Now, therefore, for the purpose of correcting said lease dated March 18, 1922, above referred to, insofar as concerns such rental or delay payment provision, it is hereby expressly agreed and understood that the initial consideration paid by said lessee for the execution of said lease covering lessor's life estate in and to said premises, together with the obligation assumed and undertaken by said lessee under the terms of the lease from J. W. Rowland, guardian, dated April 24, 1922, and above referred to, was intended to support the lease covering said life interest for the full term of said lease without any requirement whatsoever on the part of lessee to pay or tender rental or delay monies to continue said lease in force and said mineral lease dated March 18, 1922, is by this instrument amended by striking out said rental payment provision; the undersigned expressly agreeing that the lease as to such life interest shall be continued in force for the stated five (5) years term thereof and as long thereafter as oil, or either of them shall be produced from said land in paying quantities provided the terms of such guardian's lease are fully carried out and performed.

"In all other respects said lease dated March 18, 1922, shall continue and remain in full force and effect and unimpaired by the execution of this instrument; and provided further that the execution of this instrument shall not be construed as altering the terms of said guardian's lease in any manner whatsoever.

"Executed this 29th day of September, A. D. 1922.

> "J. W. Rowland.
> "Lucy M. Rowland.
> "J. B. Oldham.
> "Nora Oldham.
> "J. W. Rowland, as Guardian."

As stated, the Gulf Production Company sent this correction agreement to Heydrick with the request that he would have the lessors execute it. It appears from the evidence that it reached the hands of the parties for whom it was intended, and that they declined to sign it and return it to Heydrick. Heydrick then inclosed it to them with the following letter:

"L. C. Heydrick, Oil & Gas. Wichita Falls, Texas.

"September 15, 1922.

"Mr. J. B. Oldham, Nocona, Tex.—Dear Sir: I am inclosing you herewith agreement prepared by the Gulf Production Company, to whom I have transferred a portion of the Oldham lease, which is self-explanatory.

"You will remember that we took the lease on the 200 acres in two separate instruments, and the annual rental of $200.00 a year should be paid under the first lease, which did not include the Guardian's part. So wish you and Mrs. Oldham and Mr. and Mrs. Rowland would sign the inclosed instrument and have the same acknowledged and return to me as early as possible. I am also inclosing a copy for your files. In doing this it will make all rental paying dates as of the first lease, which was March 18, 1922.

"Thanking you in advance for your promptness, I am,

"Very truly yours, L. C. Heydrick."

On receipt of this letter the lessors then executed the correction agreement and returned it to Heydrick.

The parties hereto have agreed that on the 20th day of March, 1923, the defendant, Gulf Production Company, tendered to the plaintiffs the rentals as provided for in the purported lease contract of date of April 24, 1922, and that said rental has been tendered for the year 1924 under that lease contract in due time, and that said funds were tendered in cash and by check to the bank, and are still in the bank subject to the acceptance of the plaintiffs. This contract, of date April 24, 1922, is that contract executed by J. W. Rowland as guardian. The evidence shows that there has been no well drilled

on the land by appellant, and that appellant has failed to pay or tender the rental called for in the contract of lease dated March 18, 1922, executed by J. W. Rowland and wife and J. B. Oldham and wife.

The plaintiffs, in addition to pleading the failure of the Gulf Production Company to drill a well or to pay the renewal rentals, attack the correction agreement on the ground that the execution of such instrument by them was induced by the defendants falsely and fraudulently representing to plaintiffs herein that said instrument would not change the terms and conditions of the original lease; that they gave full credence to said representations of the defendants and their agents and employés, and executed said instrument in the firm belief that said representations were true in all things without knowing that the terms of said instrument did in fact undertake to change the rental paying dates of said leases; and that by said false and fraudulent statements and representations of said defendants, their agents, servants, and employés, said defendants procured the execution of said instrument by plaintiffs without consideration, and plaintiffs here aver that said instrument is void and without binding force and effect upon plaintiffs. Plaintiffs further allege that had they known such representations were false they would have refused to sign same.

Defendant, Gulf Production Company, alleges that by the execution of such leases it was not the intention of the lessors that rentals should be paid under the terms of both leases; that only one rental was to be paid by the lessee, and alleging further the execution of the correction agreement and the amendment of the original lease from Oldham et al. by striking out the rental payment; and that the lease so amended should remain in full force and effect so long as the terms of the lease executed on April 24, 1922, by J. W. Rowland, as guardian, should be complied with. Further, pleading payment of the rentals. It also pleaded that the correction agreement was clear and unambiguous, and expressed the real intention of the parties, and plaintiffs are estopped from asserting false representations in connection with the execution of said agreement.

Aside from the recitals in the correction agreement, there is no evidence of any error or mistake in the original leases; there is no proof that the minds of the various parties to the leases had not met in their execution.

The evidence of plaintiffs upon the matter of alleged misrepresentations is as follows:

J. W. Rowland, one of the plaintiffs, and guardian of the minor plaintiffs, testifies in substance: That there was no consideration paid him for the execution of the instruments dated April 24, 1922, and September 18, 1922, (evidently meaning September 29, 1922). Before he signed the correction agreement he had seen the letter from Heydrick. At that time he knew Heydrick, and had confidence and faith in his statements. On the strength of the Heydrick letter he signed the instrument that came with it. He had already signed two instruments, and did not understand this one, and did not see any reason for signing it, but it explained in this letter why. He gave full faith and credence to the letter at the time he signed the correction agreement, and would not have signed it if he had understood its contents.

Oldham testifies in substance: He had already seen the correction agreement, and had refused to sign it, and what caused him finally to sign it was that he had signed a good many papers trying to perfect the title, and when he got Mr. Heydrick's letter he did not hesitate to sign it. He knew Mr. Heydrick, and had faith and credence in any statement Heydrick made; that he would not have signed it if he had known that it affected the payment of the rental to him. He had read the instrument before he signed it, and had received no consideration for it.

[1] The trial court found that there was no consideration paid for the execution of the lease dated April 24, 1922, given by J. W. Rowland, as guardian of the minors; that the plaintiffs, due to their inexperience in business, read the correction agreement and did not understand it, especially did not understand that said instrument affected the rental payment of March 18, 1923; that the letter from Heydrick was the procuring cause for the plaintiffs' executing such correction agreement, and that in writing said letter Heydrick was acting for the Gulf Production Company; that said correction instrument was without consideration, and that plaintiffs would not have executed same but for their faith and confidence in the statements of Heydrick, made in the letter above referred to; that the rental due under the lease contract dated March 18, 1922, was not paid by the Gulf Production Company, and was not tendered to plaintiffs.

The two leases, the one from J. B. Oldham and wife and J. W. Rowland and wife and the other from J. W. Rowland, as guardian of the minors, to Heydrick, each recites the down payment of $1,700 cash in hand, and each recites an annual cash rental of $200. The lease from Oldham et al. provides for payment of the annual rental on or before the 18th day of March, 1923, and the lease by Rowland, as guardian, provides for the payment of the annual rental on or before April 24, 1923. Rowland testifies that he received no consideration for the lease executed by him as such guardian, which, being undisputed, we understand to mean that he was not paid the down payment recited in such lease, but neither he nor Oldham deny having received the down payment recited

as having been paid under the lease dated March 18, 1922, and therefore only one purchase payment of $1,700 was made. The recital in the correction agreement that it was the intention of the parties in the execution of the two leases that only one annual rental payment was to be made, and that was to be the sum of $200, implies that the life estate owner got the down payment, and the guardian of the minors was to get the rentals. If this is true, then each contract contained an erroneous provision for an excess payment. The recitals of the correction agreement are clear and unambiguous, and in no sense do they need an expert to interpret them. Neither does the letter from Heydrick contain any misstatement of any material fact. From Heydrick's letter it clearly appears that one rental payment is eliminated. The fact that Heydrick's letter misstated the payment to be March 18, 1922, instead of April 24, 1922, being a difference of something over a month, is not a representation affecting the material fact at issue in this case, and clearly appears to have been a mistake upon his part.

As stated above, there is not one scintilla of evidence in the record as to whether or not there was an error or mistake in the intentions of the parties in the execution of the two lease contracts, except the recitals contained in the correction agreement. The plaintiffs had attacked this agreement by their pleading as having been obtained by fraudulent representations. When introduced as evidence, it proved itself, and it was necessary for the plaintiffs, to sustain their cause of action, to impeach said agreement by proving that it had been obtained by false and fraudulent representations. This they have failed wholly to do, for, as held above, the letter of Heydrick contains no false representation of the material fact which the correction agreement contained; that is, that one annual payment was to be stricken from the original leases.

[2] The trial court erred in holding that the contract of April 24, 1922, was unenforceable for the want of consideration, for the reason that the plaintiffs had not pleaded want or failure of consideration upon which the court could base such finding. Plaintiffs' pleadings clearly disclose that the plea of want of consideration was leveled solely at the correction agreement, and did not by implication or intendment include the April 24, 1922, lease.

[3] The Gulf Production Company failed to show any authority from the probate court for the guardian to execute the lease of April 24, 1922. V. T. C. S. 1922 Supp. article 4152a, provides that guardians of minors may make mineral leases on their wards' lands. Article 4152b provides that the guardian shall make application to the county judge of the county where such guardianship

274 S.W.—16

is pending, in writing and under oath, for authority to make such lease, and that the county judge, either in term time or vacation, shall hear such application, and shall require proof as to the necessity or advisability of such lease, and, if he shall approve the same, he shall enter an order on the minutes of the probate court, either in term time or vacation, authorizing the guardian to make such lease, which order shall set the terms upon which it shall be made, and containing other provisions, closing with the provision that, after notice and hearing of said application and the granting of same by said court, said guardian shall be fully authorized to execute the mineral lease upon the real estate of the ward, etc.

This statute was not complied with so far as the record discloses. The failure to produce evidence of the authority from the probate court of the county in which the guardianship was pending, for the guardian to execute such lease, invalidates the lease. Hilton & Dodge Lumber Co. v. Alwood et al., 141 Ga. 653, 81 S. E. 1119–1121; McCamy v. Higdon, 50 Ga. 629.

[4] The recital that the lease was executed by Rowland as guardian of the minors does not give it any life upon the presumption of the legality of the acts of the official, and will not supply proof of the required statutory authority. Richards v. Rule (Tex. Com. App.) 207 S. W. 912; Teague et al. v. Seasey et al., 46 Tex. Civ. App. 151, 102 S. W. 458–460.

[5] The plaintiff contends that the Gulf Production Company pleaded this lease as a muniment of title, and, having failed to establish this as a link in its chain, the judgment of the trial court as to the minors under lease of April 24, 1922, should be affirmed. This contention will not be sustained. In the first place, this is not a suit of trespass to try title, but is a suit brought by the opposite party to cancel the very instrument in question. There does not appear in the record any objection to the introduction of this lease in evidence because of the failure to show the proper authority from the probate court, and upon that question the appellant has not had its day in court.

For the reasons stated, we think the trial court erred in his judgment, and we reverse and remand this case to such court with instructions that, (1) if there is offered on another trial no other evidence of fraudulent representations than the letter of Heydrick, judgment shall be rendered in favor of the Gulf Production Company against J. W. Rowland, individually, and against J. B. Oldham, sustaining the validity of the lease of the life estate dated March 18, 1922, and, in the event the Gulf Production Company fails to introduce evidence of the authority of the guardian of the minors from the probate court to execute the lease, dated April 24,

1922, covering the estate in remainder, that judgment shall be rendered canceling said last-named lease.

Reversed and remanded.