## GALLEMORE et al. v. OWEN et al.
### No. 2488.

Court of Civil Appeals of Texas. Beaumont.
March 7, 1934.

Rehearing Denied March 14, 1934.

470

Foster, Williams & Nicholson, of Conroe, for appellants.

Hill, Hill, Randolph & Hughes, of Houston, and M. E. Gates, of Huntsville, for appellees.

WALKER, Chief Justice.

This suit was instituted as a bill of review in the county court of Montgomery county, by Mable Ilona Owen and Willie Albin Owen, minors, by their guardian, George I. Spiller, against H. Gallemore and wife, Mary Gallemore, G. W. Butler, W. N. Foster, R. W. Grimes, Thomas O. Payne, Mrs. Josie Wright Matthew, R. L. Crawford, and Midway Oil & Royalty Company, to set aside and annul all orders in probate authorizing the former guardian of the minors, their mother, Mrs. M. P. Matt, to sell two tracts of land, each containing twenty-five acres, belonging to the estate of the minors, and two deeds executed by Mrs. Matt purporting to act as such guardian. In county court Mrs. Josie Wright Matthew was dismissed by the minors from their bill of review and judgment was there entered in their favor granting them the relief prayed for. The case was regularly appealed by defendants to the district court of Montgomery county, where judgment was again entered upon an instructed verdict in favor of the minors for the relief prayed for. Mrs. Josie Wright Matthew was not a party to the bill of review as the case was tried in district court. The appeal is before us upon assignments of error only by W. N. Foster, G. W. Butler, R. W. Grimes, and Thomas O. Payne.

Appellants claim the land through the two deeds referred to above, executed by Mrs. Matt as guardian of the minors, Mable Ilona Owen and Willie Albin Owen; one dated the 22d day of October, 1928, the other the 4th

day of March, 1932. Since appellants have made no assignment against the instructed verdict as it related to the deed of 1932, we shall not review the record in support of the judgment canceling that deed.

Appellants asked the court to submit fourteen special issues in support of the deed of 1928 and assign error on the ruling refusing their submission.

Appellees construe their attack on this deed as a direct attack, but for the purposes of this opinion we adopt the construction of appellants that the attack was merely collateral. This deed was as follows:

"Estate of Willie Albin Owen et al. to H. Gallemore and wife, Mary,

"The State of Texas, County of Montgomery

"Know all men by these presents: That Mrs. J. P. Matt, Guardian of the estate of Willie Albin Owen and Mabel Ilona Owen, minors, of the County of Montgomery, State of Texas, for and in consideration of the sum of Six Hundred Fifty & no/100 Dollars, to us in hand paid by H. Gallemore and wife, Mary Gallemore, to be paid in the following manner towit: One Hundred dollars to me in hand paid, the receipt of which is hereby acknowledged, and five notes for $100.00 each, payable on or before October 22, 1929, 1930, 1931, 1932, 1933, respectively, and one note for $50.00 payable on or before October 22, 1934. Said notes bearing interest at the rate of 10% per annum, payable annually and providing for 10% as attorneys fees for collection payable to my order as Guardian of said estate and executed by the said H. Gallemore and wife, Mary Gallemore, to secure the payment of which a Vendor's Lien is retained on the premises hereinafter described, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said H. Gallemore and wife, Mary Gallemore, of the County of Montgomery, State of Texas, all that certain tract or parcel of land, being 25 acres more or less, situated in the County and State aforesaid, out of and a part of the John A. Davis survey and being a part of a ninety-one acre tract of land, known as the Mary Anderson tract (here follows description of land).

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said H. Gallemore and wife, Mary Gallemore, and their heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said H.

Gallemore and wife, Mary Gallemore, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Conroe, Texas, this 22nd day of October, A. D. 1928.

"Mrs. J. P. Mott, Guardian of the Estate of Willie Albin Owen, and Mabel Ilona Owen, Minors.

"The State of Texas, County of Montgomery, Before me, C. T. Darby, a Notary Public in and for Montgomery County, Texas, on this day personally appeared Mrs. J. P. Matt known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same as Guardian of the Estate of Willie Albin and Mabel Ilona Owen, minors for the purposes and consideration therein expressed, and in the capacity therein set forth. Given under my hand and seal of office, this 28th day of October A. D. 1928

"[Seal] C. T. Darby, Notary Public, Montgomery County, Texas."

Appellees introduced this deed not to show title in appellants, but merely as the basis of their attack. Then they showed by Mrs. Matt that she never made application to sell the land to the Gallemores, nor made a report of sale. The county clerk, as a witness for appellees, produced in court the probate records and upon examining them testified that neither in the probate minutes nor on the probate docket was there any order of any kind or character relating to the sale of this land and that no application to sell, order of sale, report of sale, or order of confirmation was in his office—that there was absolutely nothing in his office affecting or relating to the sale of this land. The clerk was a deputy clerk in the county clerk's office in 1928 in charge of the probate records and he had no recollection of any such proceeding in his court. The county judge during 1928, the county clerk during 1928, and the Gallemores, the grantees under Mrs. Matt, did not testify. In rebuttal appellants offered no testimony that the county court ever made an order of sale or an order confirming the sale. Judge Strode testified that he represented Mrs. Matt at the time; that he was consulted regarding this sale, and further, as follows:

"Q. Did you ever act as her attorney? (Referring to the guardian, Mrs. Matt.) A. It occurs to me that I probably fixed up a guardian's account a time or two.

"Q. Now, at whose request did you do that? A. Certainly at Mrs. Matt's request.

"Q. Now state whether or not she had any transactions with you in regard to the sale of some real property to Henry Gallemore. A. Yes, sir.

"Q. Now please state how that arose. * * * A. All right, they came up there and they asked me to make a deed from Mrs. Matt to Mrs. Gallemore; I told them that could not be done; that it would have to be a probate procedure, and explained to them in detail what would have to be done.

"Q. Now, at that time, Mr. Strode, was there any one in possession of the premises that you knew of adversely to Mrs. Matt? A. Prior to that time there was, or about that time.

"Q. State whether or not you ejected that party? A. About that time, or prior to that time, she came to me and asked me to file a suit to put somebody off the land out there. I don't recall who it was; I think it was man named Berry, the papers will show."

And he further testified:

"Q. Now, Mr. Strode, do you recall of your own knowledge, whether or not you filed an application to sell this land in the probate court? A. Mr. Nicholson, that is mighty hard to pick up details. Of course I filed that record; I don't think I am ignorant or vicious enough to do that without asking permission to sell it, I did do it, of course.

"Q. Have you searched all places where they might be known to you? A. I have looked everywhere on earth I knew to look.

"Q. Have you found them? A. I haven't; I found nothing except the copy of the application which I delivered to you through Mr. Gallemore.

"Q. Do you recall whether or not those orders were entered? A. Mr. Nicholson, I know that I followed the statute as a basis for making that deed.

"Q. Now, Mr. Strode, did Mrs. Matt know you were working in her behalf? A. She came to me and asked me to do that. She and Mrs. Gallemore came up there together. I had never met Mrs. Gallemore before but I did know Mrs. Matt prior to that time."

If the testimony of Judge Strode be given the construction that he prepared the necessary orders, there is no suggestion in his testimony that he had the court grant the orders or enter them on the probate docket. There was testimony that some docket sheets had been lost out of the probate docket during the period from 1920 to 1930, but there was nothing to raise the issue that any docket

sheets relating to the estate of these minors were lost, but if that issue was raised there was no suggestion that any order relating to this sale was entered on such lost docket sheets. .

█ Under this showing the 1928 deed was absolutely void and not merely voidable on direct attack. This deed was not in compliance with article 4219, R. S. 1925, which is as follows:

"If real estate be sold, the conveyance shall be by deed, and shall refer to the decree of the court confirming the sale and ordering the conveyance to be made, by giving the date and term of the court of such order. Such conveyance shall vest the right and title of the ward to such real estate in the purchaser, and shall be prima facie evidence that the law has been complied with in making such sale"

—and, therefore, it did not furnish presumptive proof of its validity. No presumption existed in favor of its validity. It followed that appellees had the right to show on collateral attack its absolute invalidity. The evidence conclusively established that fact.

█ The force of the oral testimony was that the probate court never entered an order of sale on the application of the guardian for the sale of this land nor an order confirming the sale, even if Judge Strode's testimony can be given the construction that he filed in probate for the guardian an application to sell and report of sale. This construction of the testimony makes the 1928 deed absolutely void, a defense available to appellees if their bill of review be construed merely as a collateral attack. Of course, if the deed were merely voidable and not void, its validity could be questioned only by direct attack. Burton v. McGuire (Tex. Civ. App.) 3 S.W. (2d) 576.

█ For a second reason this deed was absolutely void. The order of sale and order confirming the sale, if made, were not entered "on the records of the court," neither on the probate docket nor in the probate minutes. Article 3302, R. S. 1925; Teague v. Swasey, 46 Tex. Civ. App. 151, 102 S. W. 458.

The judgment of the lower court is in all things affirmed.

#### On Rehearing.

█ We did not discuss appellants' deed of 1932, referred to in the original opinion, on the ground that they had no assignments of error against this deed. They now assert that our construction of their brief is er-

roneous, referring us to their ninth and eleventh assignments of error. We have examined these assignments carefully and they make no reference whatever to the deed of 1932. If by their general terms these assignments relate to this deed and also to the deed referred to and discussed in the original opinion, which is now appellants' construction of them, they are multifarious and present nothing for review as against either deed.

The motion for rehearing is in all things overruled.