**KELLEY et al. v. NEAL et al.**

No. 3227.

Court of Civil Appeals of Texas. Beaumont.

Dec. 23, 1937.

Rehearing Denied Jan. 12, 1938.

John C. Bybee, of Houston, for appellants.

Crawford & Crawford, of Conroe, for appellees.

WALKER, Chief Justice.

When Mrs. Belle Neal died intestate in 1910, she and her husband, John Neal, owned as part of their community estate a certain tract of 50 acres of land out of the John A. Davis survey in Montgomery county. Her community interest descended to the seven children born to her and her husband, John Neal. By deed dated the 12th day of July, 1924, five of these children conveyed their undivided interest to their father, John Neal. At the August term of county court, 1924, John Neal, on his application filed the 19th day of July, 1924, was appointed guardian of the estate of his two minor children who had not conveyed to him their interest; Mima a girl 16 years of age, and Jack a boy 14 years of age. On the 6th day of July, 1926, John Neal, on the recitations of the deed, acting for himself and as guardian of the estate of his two minor children, Mima and Jack, conveyed to W. P. Ingram a certain tract of 30 acres of land out of the 50 acres; this 30 acres was of average value per acre with the remaining 20 acres of the original 50 acres. The consideration paid by Ingram to John Neal for this land was the cancellation of a certain indebtedness in the sum of $418 due him by John Neal; this indebtedness was not an obligatioin against the community estate of John Neal and his deceased wife, Belle Neal, nor was it an obligation against the estate of his two minor children. In so far as this deed purported to affect the interest of Mima and Jack in the 50 acres of land, it was executed by John Neal without application to the county court, without report of sale, and the sale was never confirmed by the county court. On the 23d day of March, 1927, W. P. Ingram conveyed this specific tract of 30 acres of land to G. W. (George) Kelley.

John Neal married a second wife after the death of Mrs. Belle Neal. On his death in September, 1926, out of the remaining portion of the original tract of the 50 acres, he devised to his widow, Mrs. Mattie Neal, a specific tract of 3 acres of land, and to one of his daughters his remaining interest in the 50 acres. By a deed dated the 13th day of September, 1928, Mrs. Mattie Neal conveyed the 3-acre tract devised to her by her husband to the said G. W. (George) Kelley. No sale, except as described above, was made by John Neal of any interest owned by his two minor children, Mima and Jack, nor, after attaining their majority, did either of these children make any sale of their interest except as follows; Jack, on April 4, 1932, and Mima on April 7, 1932, executed powers of attorney to S. A. and T. W. Crawford, conveying to them one-half of their undivided interest in the 50 acres of land.

By their first amended original petition filed in the district court of Montgomery county, on the 3d day of November, 1936, appellees, Jack Neal, Mima Neal, joined by her husband, and S. A. and T. W. Crawford, sued appellants, George Kelley and wife, and W. P. Ingram, in trespass to try title for an undivided two-fourteenths interest in the 30-acre tract and the 3-acre tract as described above; and, by specially pleading the source of their title and their chain of title, they alleged that the deed from John Neal to W. P. Ingram was a warranty deed, and that it was void in so far as it attempted and purported to convey the interest of Mima and Jack Neal; appellees prayed for a cancellation of the deed from John Neal to Ingram in so far as it purported to affect their interest, and for recovery of the two-fourteenths undivided interest claimed in their petition. Appellants answered by general demurrer, and by pleas of not guilty, and of the several statutes of limitation. The case was tried to the court without a jury upon an agreed statement of facts, signed and certified by the court to

be correct, under provisions of article 2177, R.S.1925; judgment was for appellees for an undivided two-fourteenths interest in the 30-acre tract and the 3-acre tract, and for cancellation of the deed from John Neal to Ingram in so far as it affected their interest.

### Opinion.

 Appellants' briefs are defective for failure to include assignments of error. Lamar-Delta County Levee Improvement District No. 2 v. Dunn, Tex.Com.App., 61 S.W.2d 816. But, since the "agreed statement of facts" brought up in the transcript performs the office of the trial court's conclusions of facts, the errors assigned are fundamental; if the court committed error in applying the law to the agreed facts, his judgment based thereon is fundamentally erroneous. The motion to strike the briefs is overruled.

 The deed by John Neal to W. P. Ingram, in so far as it constituted an attempt by Neal to convey the interest of his two minor children, was absolutely void. Gallemore v. Owen, Tex.Civ.App., 69 S.W. 2d 469. But, by his warranty deed—appellees alleged it was a warranty deed—John Neal conveyed to W. P. Ingram his interest in the specific tract of 30 acres of land out of the 50 acres, and because his deed was void as to the interest of his two minor children, he conveyed only his interest. As he executed to his grantee a warranty deed he is estopped to deny that he owned the very 30 acres conveyed by his deed and all interest therein. Millican v. McNeill, 102 Tex. 189, 114 S.W. 106, 21 L.R.A.,N.S., 60, 132 Am.St.Rep. 863, 20 Ann.Cas. 74. His interest in the 50 acres greatly exceeded the 30 acres conveyed to Ingram. As between him and Ingram he could not question the sufficiency of his deed to convey the 30 acres described therein; as between him and his cotenants, his two minor children, Mima and Jack, he had the power to convey the certain specific 30 acres to Ingram and to be protected on his warranty against any claim Ingram could assert against him, provided, in conveying out of the 50 acres the specific 30 acres, he did no damage to the estate of his cotenants, that is, if the remaining 20 acres were of equal value acre per acre with the land sold to Ingram, which was the fact in this case—to quote from the agreed statement of facts "such 30 acres being of average value per acre with the 20 acres out of said 50 acres remaining unsold." There is nothing in the agreed statement of facts to suggest that there has been a decrease in the relative value of the 20 acres. Heller v. Heller, 114 Tex. 401, 269 S.W. 771. On the well-recognized principles of equitable partition, Kelley, as the grantee of Ingram, has title to the 30 acres of land and, on the same principles of equity, he also has title to the 3 acres of land purchased by him from Mrs. Mattie Neal. Harrison Oil Co. v. Sherman, Tex. Civ.App., 66 S.W.2d 701.

Since the judgment of the lower court must be reversed and judgment here rendered in favor of appellants for the land in controversy, we pretermit a discussion of appellants' propositions of limitation.

Reversed and rendered.