

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 22, 1970

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 615

Re: Respective duties of the
County Clerk in regard
to Probate matters in Pro-
bate Court No. 2, Harris
County, Texas

Dear Sir:

You have requested an opinion from this office on the

following questions:

"1. What are the duties of the Probate Clerk
with respect to the Probate Court?

"2. Under whose directions are probate instru-
ments to be filed, the Probate Court or the Probate
Clerk?

"3. Can the Probate Court require possession of
any estate folder pending in its Court, and for what
length of time?

"4. Can the Probate Clerk require the Probate
Judge to return an estate file folder to the Probate
Clerk?

"5. Can the Probate Judge direct the Probate
Clerk as to which instrument will or will not be filed
by the Court in estate matters?

-2935-

"6. Can the Probate Clerk require all probate instruments whether acted upon or not by the Court to be filed in the estate file?

"7. Do estate files belong to the Probate Court or the Probate Clerk?"

We will consider your questions in the order in which they are stated.

"1. What are the duties of the Probate Clerk with respect to the Probate Court?"

Section 11 of the Probate Code provides:

"All applications for probate proceedings, complaints, petitions and all other papers permitted or required by law to be filed in the court in probate matters, shall be filed with the county clerk of the proper county who shall file the same and endorse on each paper the date filed and the docket number, and his official signature."

Section 13 of the Probate Code provides:

"The county clerk shall keep a record book to be styled 'Judge's Probate Docket,' and shall enter therein:

(a) The name of each person upon whose person or estate proceedings are had or sought to be had.

(b) The name of the executor or administrator or guardian of such estate or person, or of the applicant for letters.

(c) The date of the filing of the original application for probate proceedings.

(d)  A minute of each order, judgment, decree, and proceeding had in each estate, with the date thereof.

(e)  A number for each estate upon the docket in the order in which proceedings are commenced, and each paper filed in an estate shall be given the corresponding docket number of the estate."

Section 14 of the Probate Code provides:

"The county clerk shall also keep a record book to be styled 'Claim Docket,' and shall enter therein all claims presented against an estate for approval by the court.  This docket shall be ruled in sixteen columns at proper intervals from top to bottom, with a short note of the contents at the top of each column. One or more pages shall be assigned to each estate. The following information shall be entered in the respective columns beginning with the first or margin-al column:  The names of claimants in the order in which their claims are filed; the amount of the claim; its date; the date of filing; when due; the date from which it bears interest; the rate of interest; when allowed by the executor or administrator or guardian; the amount allowed; the date of rejection; when approved; the amount approved; when disapproved; the class to which the claim belongs; when established by judgment of a court; the amount of such judgment."

Section 15 of the Probate Code provides:

"The county clerk shall keep a record book styled 'Probate Minutes,' and shall enter therein in full all orders, judgments, decrees, and proceedings of the court, together with the following:

(a)  All applications for the probate of wills and for the granting of administration or guardian-ship.

(b)   All citations and notices, whether published or posted, with the returns thereon.

(c)   All wills and the testimony upon which the same are admitted to probate, provided that the substance only of depositions shall be recorded.

(d)   All bonds and official oaths.

(e)   All inventories, appraisements, and lists of claims.

(f)   All exhibits and accounts.

(g)   All reports of hiring, renting, or sale.

(h)   All applications for sale or partition of real estate and reports of sale and of commissioners of partition.

(i)   All applications for authority to execute leases for mineral development, or for pooling or unitization of lands, royalty, or other interest in minerals, or to lend or invest money.

(j)   All reports of lending or investing money."

Section 16 of the Probate Code provides:

"The county clerk shall keep a record book styled 'Probate Fee Book,' and shall enter therein each item of costs which accrues to the officers of the court, together with witness fees, if any, showing the party to whom the costs or fees are due, the date of the accrual of the same, the estate or party liable therefor, and the date on which any such costs or fees are paid."

Section 17 of the Probate Code provides:

"The county clerk shall properly index each record book and shall keep it open for public inspection, but shall not let it out of his custody."

Section 23 of the Probate Code provides:

"All decisions, orders, decrees, and judgments of the county court in probate matters shall be rendered in open court except in cases where it is otherwise specially provided. The probate minutes shall be approved and signed by the judge on the first day of each month except, however, that if the first day of the month falls on a Sunday, such approval shall be entered on the preceding or succeeding day."

Section 108 of the Probate Code provides:

"The provisions, rules and regulations which govern estates of decedents shall apply to and govern guardianships, whenever the same are applicable and are not inconsistent with any provision of this Code."

Section 6 of Article 1970-110a.2, Vernon's Civil Statutes, reads as follows:

"Sec. 6. The practice and procedure in the Probate Court No. 2 of Harris County shall be the same as that provided by law generally for the county courts of this State; and all statutes and laws of the State as well as all Rules of Court relating to proceedings therefrom, shall, as to all matters within the jurisdiction of said Court, apply equally thereto."

Honorable Joe Resweber, page 6 (M-615)


Section 15 of Article 1970-110a.2, Vernon's Civil Statutes, reads as follows:

"Sec. 15. The County Clerk of Harris County shall be the Clerk of the Probate Court No. 2 of Harris County. The seal of the Court shall be the same as that provided by law for county courts except that the seal shall contain the words 'Probate Court No. 2 of Harris County, Texas.', and said seal shall be judicially noticed. The Sheriff of Harris County shall, in person or by deputy, attend the Court when required by the Judge thereof."

There appears to be no question that the County Clerk of Harris County is to serve Probate Court No. 2 of Harris County in the same manner provided by law for the County Court for Probate Court No. 1 of Harris County.

Article 1942, Vernon's Civil Statutes which pertains to custody of records by County Clerks, reads as follows:

"They shall be keepers of the records, books, papers and proceedings of their respective courts in civil and criminal cases and in matters of probate, and see that the same are properly indexed, arranged and preserved, and shall perform such other duties in that behalf as may be by law imposed on them."

The statutes quoted above clearly indicate that the County Clerk shall be the keeper of all instruments filed in the Probate Courts of the State.

It must be borne in mind, though, that one of the prime tasks of a clerk of court is to serve the court and in many respects he is an officer of the court and subject to the court's control. In the performance of his duties as a ministerial officer of the court, the clerk is subject to the control of the court. 15 Am.Jur.2d 527,

Clerks of Court, Sec. 21. The duty of the clerk is purely ministerial when it is prescribed by statute. People v. May, 95 N.E. 999 (Sup.Ct.Ill. 1911, writ dismd.). 15 Am.Jur.2d 528, Clerks of Court, Sec. 21. As indicated above by statutory authority, it is the duty of the County Clerk to make and keep an accurate record of the proceedings in his court and of what the court orders and adjudges.

The statutes quoted above plainly indicate that the County Clerk is custodian of the probate records.

It is our opinion that the prime function of the office of a County Clerk is to serve his Court, being the official custodian of the Court records and he is charged by law with the strict duty to preserve said records. The duties of the County Clerk with respect to the Probate Courts are:

(1) to serve in a ministerial capacity for the court,

(2) act as custodian of its records,

(3) receive money in his official capacity as authorized by statute,

(4) keep the seal of the court,

(5) file all papers tendered for filing and docket all motions, and

(6) issue and prepare all process a party or his agent or attorney may direct.

Your question No. 2 reads as follows:

"2. Under whose directions are probate instruments to be filed, the Probate Court or the Probate Clerk?"

Honorable Joe Resweber, page 8 (M-615)


In reading the provisions of Sections 11, 13, 14, 15, and 16, Probate Code, supra, it seems clear that the Probate instruments are to be filed under the direction of the County Clerk.

Your question No. 3 reads as follows:

"3.  Can the Probate Court require possession of any estate folder pending in its Court, and for what length of time?"

There of course is no question but that the Judge of the Probate Court can require possession of any estate folder pending in its Court, as it is necessary for the Court to have the Probate instruments before him whereby the Court may perform his Judicial function in entering orders pertaining to the Estate.

After the Probate Judge has entered any necessary orders and performs such judicial functions as is necessary in regard to an estate then such files should be returned to the Probate Clerk whereby the Probate Clerk can properly record such orders of the Court.

Your question No. 4 reads as follows:

"4.  Can the Probate Clerk require the Probate Judge to return an estate file folder to the Probate Clerk?"

You have advised this office that the Clerk of the Court has placed Deputy Clerks in each Court served to make available for Judicial action by the Court the records which have been filed in each Probate matter.  It therefore appears that technically speaking the Probate Clerk, through his Deputy, has in his possession at all times the Probate records.

Your question No. 5 reads as follows:

"5. Can the Probate Judge direct the Probate Clerk as to which instrument will or will not be filed by the Court in estate matters?"

It appears from reading Sections 11, 13, 14, 15, 16, 23 and 108, of the Probate Code, supra, that the Probate Clerk is fully apprised as to what instruments are to be filed and recorded in regard to estate matters, and in particular, Section 15, which requires the Probate Clerk to enter therein in full all orders, judgments, decrees, and proceedings of the Court. For any such order, judgment or decree of the Court to be recorded, such order, judgment or decree, would of necessity, have to be signed and approved by the Probate Judge before such could become an order, judgment or decree of the Court. The Court held in Blackwood v. Blackwood's Estate, 92 Tex. 478, 47 S.W. 483 (1898) that orders not entered are void; see also Burton v. McGuire, 41 S.W.2d 238 (Tex.Comm.App. 1931), and Teague v. Swasey, 102 S.W. 458 (Tex. Civ.App. 1907, error dism.).

Your question No. 6 reads as follows:

"6. Can the Probate Clerk require all probate instruments whether acted upon or not by the Court to be filed in the estate file?"

No answer is made to this question and your attention is directed to our answer to your question No. 5, supra.

Your question No. 7 reads as follows:

"7. Do estate files belong to the Probate Court or the Probate Clerk?"

Estate files in all Probate cases, belong in the custody and possession of the Probate Clerk, until such time as it becomes

necessary for the Probate Judge to have such estate files in its possession for the purpose of entering any proper judgments, orders or decrees in such estate matters. These files should remain with the Judge of the Probate Court for such reasonable time as may be necessary for the Judge to make and enter his order, judgment, or decree in regard to such estate. After such order, judgment, or decree has been entered by the Probate Judge then such estate file should be returned to the Probate Clerk.

## S U M M A R Y

1.   The duties of the County Clerk with respect to the Probate Courts are (1) to serve in a ministerial capacity for the court (2) act as custodian of its records (3) receive money in his official capacity as authorized by statute (4) keep the seal of the court (5) file all papers tendered for filing and docket all motions (6) issue and prepare all process a party or his agent or attorney may direct.

2.   Probate instruments are to be filed under the direction of the County Clerk since the duties of the Office of the County Clerk are prescribed by statute.

3.   The Probate Court can require that the County Clerk provide him with the file of a particular case in order that the Court may perform its judicial functions, but the Court cannot operate in derogation of the Clerk's function as custodian of the records by holding the files when it is not performing judicial functions.

4.   The County Clerk having a Deputy Clerk serving each Court is technically in possession of the Probate records at all times.

5. Sections 11, 13, 14, 15, and 16 of the Probate Code fully apprise the Probate Clerk as to which instruments are to be filed.

6. The estate files belong in the possession of the Probate Clerk subject to being turned over to the possession of the Probate Judge for the purpose of entering any proper judgments, orders, or decrees in such estate matter, or other judicial functions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

John Grace
Woodrow Curtis
Gordon Cass
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant